## THE STATE *versus* CALEB LITTLE.

A former conviction, procured by the fraud of the defendant, is no bar to a subsequent prosecution.
What acts of the defendant will render a conviction fraudulent.

THIS was an indictment for an assault and battery, committed on one *James Dodge*.   The defendant pleaded in bar a former conviction before a justice of the peace, for the same offence.

The counsel for the state replied, that said conviction was obtained by the covin and fraud of the defendant.   The rejoinder took issue on that fact, and the cause was tried here at October term, A. D., 1817.

The evidence seemed very clear, that the complaint in the former prosecution was lodged with the justice by a third person, whom *Little* employed for that purpose ; that the warrant was served, and the witnesses summoned, by his direction ; that an attorney was paid by *Little* to appear as in behalf of the state, and all the proceedings conducted under *Little's* agency.   Other testimony was offered, as to the manner in which the circumstances were laid before the magistrate, the aggravation of the offence, and the small amount of the fine : upon all which the court charged the jury, that if they believed the former prosecution was instituted and conducted by the defendant's procurement ; that he did this with a view to shield himself from adequate punishment, and that in consequence of these measures the fine imposed was less than it should have been, the law required them to pronounce the conviction fraudulent.   The jury on the issue joined, returned a verdict against the defendant, which his counsel moved should be set aside, and a new trial granted, on account of misdirection by the court.

The cause was continued for argument, and the opinion of the court pronounced by

WOODBURY, J.   In this case the direction of the court was predicated on an impression that the issue, as to the fraudulent procurement of the conviction before the justice, was a material issue ; and that the conviction, if found to have

The State
*vs.*
Little.

(1) *Stat.* 4 *Hen.*
*7th.—Bac. Aud.*
*Qu. D. Str.* 707.

(2) 1 *Burr.* 396,
474.—9 *East*, 64.
—9 *John.* 339.

been obtained by the covin of the defendant, would be no bar to the present prosecution(1.) Though the correctness of this impression has been doubted in the argument, yet, as there was no demurrer to the replication, and no motion in arrest of judgment, or for a repleader, we do not think it necessary to discuss the question. But it deserves remark, that, however true may be the maxim, *Nemo bis vexatur pro causa eadem*, still fraud is said to vacate every transaction, whether evidenced by parole, by specialty, or by a record. 2 *Bl. C.* 437.—3 *Rees' H. E. L.* 141.—*Burns* 395. —4 *Mass. R.* 477.—5 *do.* 175, 181.—3 *Coke* 77, *Fermon's case, and auth. there cited.*—*Cr. Jo.* 256, *Cotton's case.*— *John. C.* 293.—15 *John.* 121, *Borden* vs. *Fitch.*—*Hale's C. L.* 49.

The only enquiry then is, whether the court gave an accurate direction in relation to what would render the conviction fraudulent. Fraud is " a judgment of law on facts and intents"(2.) If facts and intents amount to a deceit, they constitute moral fraud; but they must amount to a deceit accompanied by an injury, to constitute civil fraud : For the latter is " one thing pretended and another done," (4 *Just.* 76,) producing " damage," (1 *Com. Dig. Dect. A.* 1.—3 *D. & E.* 64) or it is " an injurious deceit." (3 *Woodes* 198.) But the jury, according to the direction, must have been satisfied of the fact that the state sustained an injury by the conviction, as it protected the defendant from an adequate fine. According to the same direction, they must have been satisfied, also, that the proceedings in obtaining that conviction were all instituted by his procurement, and with an intent to effect the above injury. In other words, that to appearance the complaint was lodged and the prosecution managed by disinterested individuals, and for the purpose of enforcing due justice, when in reality all was a mere puppet show, and every wire moved by the offender himself. " One thing was pretended, and another done," to " the damage" of the state. The magistrate was deceived, the publick rights injured, and the defend-

The State
*vs.*
Little.

ant was the perpetrator of the offence. To declare that this was not a fraud, and that, under its cover, the author of it should be shielded from the present indictment, would in our opinion be a libel upon the administration of justice. In civil actions the idea would not be endured, that the rights of a nominal plaintiff, who had neither notice nor agency in relation to a suit, should be bound by the judgment. 6 *John*. 318. Much less would these rights be bound when the suit was instituted by the defendant himself, with a view to defraud the plaintiff, and that view accomplished. We are aware, that in criminal prosecutions, as the state always appears by an agent, and sometimes by only an implied agent, more difficulty exists in determining whether imposition be practised. But when prosecutions before the higher courts are managed by the attorney-general, the solicitor, or counsel appointed by the judges ; and before single magistrates, by similar counsel, or by the party aggrieved, or by disinterested individuals, such prosecutions can never, perhaps, be considered fraudulent ; for such persons would be presumed to act with proper views, and when not express, might be deemed implied agents for the state. An offender, however, can possess no implied authority to conduct a prosecution against himself : because implications are founded on probabilities, (*Phi. Ev. apx.* 13) and nothing is less probable than that a person would be selected to inflict punishment on himself, or to enforce that justice which all his interests and feelings were enlisted to defeat. 1 *Bl. C*. 91. But in this case the offender did virtually conduct the first prosecution. His design in it was to shield himself from adequate punishment, and he so managed the proceedings as to effect that design. On these " facts and intents," then, we are satisfied that the judgment of the law must be that the conviction was obtained by covin and fraud. The verdict cannot be set aside.

*J. Smith* for the defendant.