Original,
No. 4693.

NASHUA

*v.*

PUBLIC UTILITIES COMMISSION OF NEW HAMPSHIRE.

Argued December 2, 1958.

Decided January 30, 1959.

504

*Leo R. Lesieur*, city solicitor (by brief and orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier* (*Mr. Ransmeier* orally), for the Pennichuck Water Works.

The Public Utilities Commission furnished no brief.

KENISON, C. J. The plaintiff attacks the power of the Public Utilities Commission after investigation under RSA 378:57, to allow the utility's increased water rates which were filed on November 5, 1957 (RSA 378:1) to be applied to bills issued for the full last quarter of the year. The plaintiff does not question the right of the utility to increased rates but only the effective date thereof. Since the increased rates as filed became effective December 31, 1957, and were to apply to all bills rendered on or after January 1, 1958, it is claimed that this is a retroactive increase in violation of the Commission's rules and orders and RSA 378:3. That statute reads as follows: "CHANGE. Unless the commission otherwise orders, no change shall be made in any rate, fare, charge or price, which shall have been filed or published by a public utility in compliance with the requirements hereof, except after thirty days' notice to the commission and such notice to the public as the commission shall direct." It is the contention of the utility that the introductory phrase of this statute "unless the commission otherwise orders" grants the Public Utilities Commission the authority which it exercised.

At the threshold of this case the plaintiff is confronted with two barriers which it is claimed preclude relief. First, it is contended that certiorari is not a proper remedy to review the action or decision of the Public Utilities Commission in any situation. Secondly, it is contended that the plaintiff has waived its right to review the Commission's action by failing to pursue its remedies under the exclusive statutory review provided by RSA 541:1, 22, and in the circumstances of this case is chargeable with laches in instituting its petition in this court. These questions are necessarily interrelated.

The Supreme Court has comprehensive and discretionary power with respect to extraordinary remedies and it is specifically provided that it "may issue writs of certiorari." RSA 490:4. While our cases have allowed some expansion of the conventional scope of the writ of certiorari (*Sinkevich* v. *Nashua,* 97 N. H. 262, 264), this has not been done in disregard of existing statutes regulating review and appeal.

It is unnecessary for us to decide whether there is ever any situation in which an order of the Public Utilities Commission can be reviewed by certiorari. However, in this connection the observations of an authority on administrative law are pertinent. Davis, Administrative Law (1951) *p.* 794: "In their development of the extraordinary remedies the courts have largely lost sight of the elementary proposition that the purpose of procedural law is to facilitate decision of cases on the merits. One may read a thousand cases on the technical refinements of the extraordinary remedies before encountering a flash of insight and common sense such as the New Hampshire court has expressed." The author then quotes in part from *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187, 190, which reads as follows: "But in this state it is unimportant whether the process be called *certiorari*, or be given some other Latin or English name. If it is an appropriate and convenient mode of vindicating legal right, it is perhaps not essential that it should have a technical name. The superintending power of the court over inferior tribunals does not depend upon, and is not limited by, technical accuracy of designation of legal forms of action. The parties' rights in this action do not depend upon our definition of *certiorari*. They are entitled under the established practice in this state to the most convenient procedure for the settlement of their controversy. *Boody* v. *Watson*, 64 N. H. 162." See also, 3 Davis, Administrative Law Treatise, *s.* 24.06, *p.* 426 (1958).

Certiorari is available if no appeal is provided (*Winn* v. *Jordan*, 101 N. H. 65) but is not allowed if the statute has provided ample relief. It "is established law that where an adequate remedy is available upon appeal, *certiorari* will not be granted." *Waisman* v.*Manchester*, 96 N. H. 50, 52. RSA 541:22 reads as follows: "REMEDY EXCLUSIVE. No proceeding other than the appeal herein provided for shall be maintained in any court of this state to set aside, enjoin the enforcement of, or otherwise review or impeach any order of the commission, except as otherwise specifically provided." It is the purpose of RSA ch. 541 to establish a uniform procedure for rehearing and appeals of matters before the Public Utilities Commission. RSA 541:2. There are definite time limits of twenty days for motions for rehearing (RSA 541:3) and thirty days for appeal (RSA 541:6). This chapter indicates the legislative intent to channel review of public utility decisions under RSA ch. 541 rather than to leave it to the extraordinary remedies

provided in RSA 490:4. See *Gordon* v. *Public Service Co.,* 101 N. H. 372.

Since RSA ch. 541 has spelled out a well-ordered and well-articulated scheme considered necessary in the review of public utility regulation, it would require a strong case and unusual circumstances for this court to take jurisdiction for review under the extraordinary remedies such as certiorari. "Where the statute setting up the agency makes specific provision for judicial review of the agency's determinations, the statutory method is ordinarily exclusive, and courts will but seldom permit the employment of any other procedural device (such as a writ of mandamus, or petition for certiorari) as a means of bringing the administrative determination into court for purposes of review." Cooper, Administrative Agencies and the Courts, *p.* 331.

Since the petition in the present case is not "an appropriate and convenient mode of vindicating legal right" (*Dinsmore* v. *Mayor and Aldermen,* 76 N. H. 187, 190) it is unnecessary to determine when or in what unusual circumstances a public utility decision is reviewable, if at all, by writ of certiorari. The decision in *Cloutier* v. *State Milk Control Board,* 92 N. H. 199, is not authority to the contrary. In that case certiorari was allowed to review an order of the Milk Control Board during a wartime emergency after the right of appeal had expired. But the court was careful to point out the following limitation, "it does not appear nor is it claimed that the plaintiffs waived the right of appeal or are chargeable with laches for not exercising it." *Ib.,* 203.

If we assume that the plaintiff pursued its rights diligently up to the rejection on April 22, 1958, of its complaint under RSA 365:1, there appear to be no circumstances which account for its failure to take its statutory appeal or any further action until the petition for certiorari was filed in this court on September 9, 1958. *Petition of Tucker,* 27 N. H. 405, 410; anno 40 A. L. R. (2d) 1381. In view of this fact and the consideration that public utility regulation would be disrupted by piecemeal and tardy petitions for review by way of certiorari, we conclude that the order should be

*Petition dismissed.*

BLANDIN, J., was absent; the others concurred.