Merrimack,
No. 5307a.

## STATE *v.* STILLMAN TITUS.

Argued February 2, 1965.
Decided March 31, 1965.

*William Maynard*, Attorney General and *George S. Pappagianis*, Deputy Attorney General (*Mr. Pappagianis* orally), for the State.

*J. Gilbert Upton* (by brief and orally), for the defendant.

DUNCAN, J. At common law the State has no right of appeal in criminal cases, and no right to preserve exceptions for transfer to an appellate court. *United States* v. *Sanges*, 144 U. S. 310; *Commonwealth* v. *Cummings*, 3 Cush. (Mass.) 212. See 5 Wharton's Crim. Procedure. *s.* 2251; Annot. 92 A.L.R. 1137. In some states by virtue of constitutional or statutory provisions, a right of review on the part of the State is permitted upon specified conditions or for limited purposes. 24 C.J.S. 1028 "Criminal Law" *s.* 1659; *United States* v. *Weissman*, 266 U. S. 377; *State* v. *Felch*, 92 Vt. 477. However no such provisions

are found here and there is no suggestion that any such enactment has been seriously sought. The statutes establishing procedures for the preservation of exceptions (RSA 490:10) and the transfer of reserved cases to this court (RSA 491:17) so far as we are aware have never been considered to confer appellate rights upon the State in criminal cases.

In the case before us, the State argues that the Trial Court erred in granting the motion to quash and urges that by transferring the State's exception, "the Trial Court decided the questions raised were fit for determination by the Supreme Court, thereby rendering moot the question whether the State is properly before the Supreme Court on an appeal from a ruling of the Trial Court." Further it urges that it is a "party aggrieved" within the meaning of RSA 490:10, *supra.*

In the light of the practice over the years during which statutory provisions like those now relied upon by the State have been in effect, it would indeed be a "far-reaching innovation in the criminal jurisprudence" of this state (*United States* v. *Sanges, supra,* 144 U. S. 310, 323) for this court to now interpret RSA 490:10 or RSA 491:17 as granting rights which the State seeks to assert. The recent comments of the court in *State* v. *Velander,* 123 Vt. 60, 61, may be pertinent: "The state's attorney fails to recognize that the state, in a criminal case, stands in a position different from that of an ordinary appellant. . . . A lion stands in his path." See Annots. 113 A.L.R. 636; 91 A.L.R. 2d 1095.

The answer to the question transferred without ruling is that the State has no right of appeal in this case.

*Remanded.*

BLANDIN, J., did not sit; the others concurred.