**Airman First Class August DOYLE, Petitioner-Appellant,**

v.

**Col. Henry C. KOELBL, Commander, 27th Combat Support Group, & Commander, Cannon Air Force Base, Col. Stanley J. Obarski, Commander, 96th Support Group, & Commander, Dyess Air Force Base, and Captain Allen G. Albert, Commander, 96th Security Police Squadron, Respondents-Appellees.**

**No. 29726.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1970.

Robert Goodfriend, Dallas, Tex., Melvin L. Wulf, Legal Dir., American Civil Liberties Union, New York City, Joel Gora, New York City, for appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., C. Claude Teagarden, Maj., USAF, Litigation Div., Office of The Judge Advocate General, Washington, D. C., for appellees.

Before JONES, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Doyle, a voluntary enlisted member of the United States Air Force, complains of the refusal of the district court to grant his petition for habeas corpus relief wherein he attacks his special court-martial conviction for refusing to obey a direct order of his superior commissioned commanding officer. We affirm.

Doyle, an airman first class, was serving on active duty during 1969 and was assigned to the 522nd Tactical Fighter Squadron, Cannon Air Force Base, New Mexico. At a meeting of military personnel on October 23, 1969 at which Doyle was present, he and others were advised by the squadron commander of the importance of proper appearance and of the requirements of the Air Force Manual with respect to haircuts. After this meeting Doyle and two others discussed the haircut regulation with the commanding officer. On the following day the commanding officer issued a direct order to Doyle to cut his hair in accordance with regulations. He replied to his military commanding officer "You might as well take me back to jail because I am not going to get a haircut."

Before military review procedures were completed, Doyle petitioned the United States District Courts for the District of New Mexico and the Northern District of Texas for habeas corpus. Both courts denied relief, and this appeal is from the order denying his petition in the Northern District of Texas. The district court concluded:

1. Such writ should not be issued pending the appeal from the findings and sentence of the court-martial.

2. The Court should not interfere with disciplinary matters of the armed forces in regard to appearance of its members.

■■ It is our conclusion that the district court did not abuse its discretion in refusing to take jurisdiction of the case. Moreover, it is our opinion that the regulation involved pursuant to which the order of the commanding officer was given is valid. Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), reh. den., 393 U.S. 900, 89 S.Ct. 63, 21 L.Ed.2d 188; Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Nixon v. Secretary of Navy, 422 F.2d 934 (2d Cir. 1970); Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969); Gallagher v. Quinn, 124 U.S. App.D.C. 172, 363 F.2d 301, cert. den. 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966); Tuggle v. Brown, 362 F.2d 801 (5th Cir. 1966); McCurdy v. Zuckert, 359 F.2d 491 (5th Cir.), cert. den. 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133 (1966).

Judgment affirmed.