Thomas DWEN, as President of the Suffolk County Patrolmen's Benevolent Association, and Thomas Dwen, individually, Plaintiff,

v.

John L. BARRY, Commissioner of the Suffolk County Police Department, Defendant.

No. 71–C–1020.

United States District Court, E. D. New York.

Nov. 8, 1971.

Meyer & Wexler, Smithtown, Leonard D. Wexler, Smithtown, N. Y., for plaintiff.

George W. Percy, Jr., County Atty., Suffolk County, Riverhead, N. Y., Melvyn Tanenbaum, Huntington, for defendant.

*Memorandum of Decision and Order*

MISHLER, Chief Judge.

Plaintiff, a patrolman employed by the Suffolk County Police Department and president of Suffolk County Patrolmen's Benevolent Association, seeks a preliminary injunction enjoining enforcement of general order number 71–1, which order amends Chapter 2 of the Rules and Procedures of the Suffolk County Police Department, which became effective August 1, 1971. The order sets grooming standards for members of the Suffolk County Police Department.[1] Under the order, beards and goatees are forbidden; sideburns may "not extend below the lowest part of the exterior ear opening"; and mustaches must be short and neatly trimmed. The affidavit in support of the application states that community standards are less restrictive and that compliance with the order will, in effect, set him apart from the community in violation of his constitutional rights. The claim sets forth First and Fourteenth Amendment violations in that the order deprives plaintiff of his right of free expression, due process and equal protection of law.

Uniformity of dress is part of the discipline of the local police department. It is the visible sign of the presence of the law. How the police officer appears to the public is one factor in effective law enforcement. Regulations involving dress and grooming are better left to the officials who are aware of the

1. Order set out in appendix.

local customs and taboos. It would be inappropriate for the court to frame such regulations, absent a clear showing of a violation of a constitutional right.

Circuit (now Chief) Judge Friendly in Negron v. Wallace, 436 F.2d 1139, 1141 (2d Cir. 1971), discussing a claim brought in the federal court under 42 U.S.C. § 1983, said, "Suits under that statute thus should not be lightly brought." He suggested that such claims be resolved " . . . by calm discussions with the state officials in the absence of any litigation whatsoever."

Turning to the merits of the application, authority for defendant's position is found in decisions reviewing army regulations concerning grooming. Doyle v. Koelbl, 434 F.2d 1014 (5th Cir. 1970). Plaintiff would distinguish those cases from the instant case on the ground that the New York Criminal Procedure Law includes in the definition of police officer certain members of the New York City Fire Department and investigators on the staff of county district attorneys.

The intent of the regulation is that it apply to uniformed police officers. This is evident from the list of exemptions submitted to the court by defendant as of August 18, 1971.[2] Application of the regulation to members not in uniform might very well bring the regulation within the prohibitions of the Constitution. See Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

Nor is the attempt by the plaintiff to distinguish police from the military for the purposes of the regulation persuasive. The courts have held that members of the armed forces do not have their full constitutional rights while serving in the service. Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969). In Raderman, the court indicated that it did not intervene in the matter involving a directive revoking one permitting long hair because " . . . there is clearly no action by the military which goes far beyond any rational exercise of discretion."

The plaintiff further distinguishes the duties of the police from that of the military in pointing out that the police officer has duty and non-duty hours. The court, assuming this questioned state, would nevertheless find a closer fact pattern in the case of a member of the National Guard.

In Gianatasio v. Whyte, 426 F.2d 908 (2d Cir. 1970), the plaintiff enlisted in the National Guard. Plaintiff was the manager of a shoe bazaar in Westport, Connecticut and claimed that his long hair helped him in his job and that it was essential to his civilian work. Because of his refusal to cut his hair as required by Army regulations, he was ordered to report for active duty. The court dismissed the attack on the validity of the regulation with the observation that the military has wide discretion in regulating hair length. Gianatasio v. Whyte, supra, 426 F.2d at p. 911.

 Motion for a preliminary injunction is denied, and it is

So ordered.

The court believes the claim is insufficient as a matter of law. It is however reluctant to dismiss the complaint without affording plaintiff an opportunity to argue the point. The court sets the matter down for argument on November 19th, 1971 at 10:00 A.M. All briefs to be submitted by November 15th, 1971.

2. Those exempted to August 18, 1971:
 4 Detectives—Intelligence Squad, Undercover assignment, must frequently associate with persons and in circles where extreme hair styling is prevalent.
 48 Detectives—Narcotics Squad. Undercover assignment as above.
 4 Detectives—Special Investigations Squad. (Gambling, Vice, etc.) Undercover assignment as above.
 1 Detective—Robbery Squad. Special assignment to infiltrate members of gang.

APPENDIX

POLICE DEPARTMENT, COUNTY OF SUFFOLK, N. Y.

☒ GENERAL
☐ SPECIAL
☐ PERSONNEL ORDER NUMBER 71-1 DATE 19 July 1971
AUTHORITY Police Commissioner
SIGNATURE OF AUTHORITY John L. Barry

Effective 0001 hrs. 1 August, 1971 Chapter 2 of the Rules & Procedures is amended by the addition of the following section:

2/75.0 Members of the Force and Department shall be neat and clean at all times while on duty. Male personnel shall comply with the following grooming standards unless excluded by the Police Commissioner due to special assignment:

2/75.1 *HAIR*: Hair shall be neat, clean, trimmed, and present a groomed appearance. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. Hair in front will be groomed so that it does not fall below the band of properly worn headgear. In no case will the bulk or length of the hair interfere with the proper wear of any authorized headgear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair.

2/75.2 *SIDEBURNS*: If an individual chooses to wear sideburns, they will be neatly trimmed and tapered in the same manner as his haircut. Sideburns will not extend below the lowest part of the exterior ear opening, will be of even width (not flared), and will end with a clean-shaven horizontal line.

2/75.3 *MUSTACHES*: A short and neatly trimmed mustache may be worn, but shall not extend over the top of the upper lip or beyond the corners of the mouth.

2/75.4 *BEARDS & GOATEES*: The face will be clean-shaven other than the wear of the acceptable mustache or sideburns. Beards and goatees are prohibited, except that a Police Surgeon may grant a waiver for the wearing of a beard for medical reasons with the approval of the Police Commissioner. When a Surgeon prescribes that a member not shave, the beard will be kept trimmed symmetrically and all beard hairs will be kept trimmed so that they do not protrude more than one-half inch from the skin surface of the face.

2/75.5 *WIGS*: Wigs or hair pieces will not be worn on duty in uniform except for cosmetic reasons to cover natural baldness or physical disfiguration. If under these conditions, a wig or hair piece is worn, it will conform to department standards.