Steve **WHITIS** and Alan **K. Fout,** on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**UNITED STATES** of America et al., Defendants.

No. 73-417-Civ-T-H.

United States District Court, M. D. Florida, Tampa Division.

Sept. 4, 1973.

Gerald R. Herms, Tampa, Fla., for plaintiffs.

D. Frank Winkles, Asst. U. S. Atty., Tampa, Fla., for defendants.

## ORDER

HODGES, District Judge.

This cause came on for hearing on August 31, 1973, upon the Plaintiffs' Application for a Preliminary Injunction. A Temporary Restraining Order was previously entered by the Court on August 24, 1973.

Both parties agree that in determining whether to grant a preliminary injunction the Court should consider each of the following factors: (1) the irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between the irreparable harm to the plaintiff and the harm to the defendant if the injunction is granted; (3) the probability that plaintiff will prevail on the merits; and (4) the public interest.

The focal point of the dispute is the Marine Corps regulation concerning haircuts and its "anti wig" policy. The Plaintiffs' claim of irreparable injury lies in the threat of immediate induction if they continue their refusal to comply with the regulation and, as a consequence, fail to earn credit for their attendance at the monthly reserve meetings. It must be recognized, however,

that the Plaintiffs can obviate this threat through the rather simple expedient of getting a haircut; and if the necessity of a haircut is claimed to be an irreparable injury, it seems manifest that the Plaintiffs' position loses much of its force. Conversely, the potential injury to the Defendants in the event a preliminary injunction is granted would also seem to be rather slight, resulting only in a possible loss of discipline pending a final determination of the case. Thus, in this instance, the most meaningful standard is the question of the probability or likelihood that Plaintiffs will prevail on the merits.

There is a developing body of case law dealing with the general issue of military hair and grooming regulations. Some of the decisions appear to support the plaintiff's position while others tend to favor the defendants. It is unnecessary and, indeed, it would be premature to marshal and analyze all of the relevant authorities at this stage of the case. Attention will thus be restricted to the Fifth Circuit decisions which seem to bear upon the point. It is proper to observe at the outset that there is a substantial lack of unanimity among the judges of the Fifth Circuit concerning the general subject of hair as a constitutional issue. Compare the two en banc decisions in Karr v. Schmidt, 460 F.2d 609 (5th Cir. 1972) and Lansdale v. Tyler Junior College, 470 F.2d 659 (5th Cir. 1972). Both of these decisions are distinguishable, of course, since they involve the regulation of hair in high schools on the one hand and junior colleges on the other. However, in Doyle v. Koelbl, 434 F.2d 1014 (5th Cir. 1970) a panel of the Court expressly upheld the Air Force haircut regulation; and in Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), the Court stressed the policy against judicial interference in military affairs citing decisions in the Second and Seventh Circuits dealing specifically with the application of hair regulations to military reservists. See Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971), and Raderman v. Kaine, 411 F.2d 1102 (2nd Cir. 1969). Analysis of these decisions with particular reference to the alignment of the views of the several judges of the Fifth Circuit tends to raise a substantial doubt concerning the ultimate success of the Plaintiffs' position in this case. That conclusion, coupled with the views expressed earlier concerning the irreparable nature of the injury involved, necessarily compels the conclusion that the issuance of a preliminary injunction would be improvident.

The Plaintiffs' Application for a Preliminary Injunction is denied and the Temporary Restraining Order is dissolved.