Haverhill District Court
No. 6735

STATE OF NEW HAMPSHIRE v. RICHARD A. GREENWOOD

December 28, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *( Mr. Hess* orally), for the State.

*Edes & Elliott (Mr. Louie C. Elliott, Jr.* orally) for the defendant.

GRIFFITH, J. On March 5, 1973, a complaint was filed in Haverhill District Court charging defendant with kidnapping a minor in violation of RSA 585:20. Counsel for the State nol prossed this charge prior to the probable cause hearing scheduled for April 12, 1973, as part of a plea-bargaining agreement with the defendant. Pursuant to the agreement, a new complaint charging the defendant with the offense of contributing to the delinquency of a minor was then filed and the defendant pleaded guilty to this charge on April 12, 1973. The district court accepted this plea and found the defendant guilty. Sentencing was postponed first to April 24, 1973, and subsequently, at the request of the State, until May 1, 1973.

On May 1, 1973, the State filed a motion entitled "Motion to Withdraw the Charge Without Prejudice, etc." In this motion the State detailed the plea-bargaining agreement and alleged that subsequent to the plea of guilty the defendant had harassed and intimidated the complaining witness and her family. This conduct of the defendant, the State alleged, was contrary to defendant's manifestations of repentance and rehabilitation at the time of his plea and rendered his conviction fraudulent. The State sought by this motion to withdraw the pending charge without prejudice to its right to further prosecute the defendant.

On May 2, 1973, the district court denied the State's motion without hearing any evidence in support of the factual allegations on the ground that it had no authority to grant the motion in view of the plea and finding of guilty to the pending charge. The State then filed a motion on May 6, 1973, asking the district court to transfer to this court the questions of law raised by the district court's denial of the previous motion. This motion was granted over the objection of the defendant and *Karl T. Bruckner,* special judge, reserved and transferred the following questions:

"1. Is the State allowed an appeal from the Court's ruling which denied its 'Motion to Withdraw the Charge Without Prejudice, Etc.'?"

"2. If such an appeal is allowed, was the Court's ruling which denied the State's 'Motion to Withdraw the Charges Without Prejudice, Etc.' an error?"

The answer to the first question is quite clearly no if the question asks whether the State has a right to appeal an adverse ruling in a criminal case. *State v. Titus,* 106 N.H. 223, 212 A.2d 460 (1965). The State argues however that the granting of its motion to reserve and transfer the questions of law to the supreme court was a transfer without ruling by the district court of the question of law relating to its authority to grant the motion to withdraw the charge. *See* RSA 502-A:17-a (Supp. 1972); RSA 491:17; *State v. Coolidge,* 106 N.H. 186, 208 A.2d 322 (1965). While we find this interpretation of the transferred case difficult to accept in the light of the language of the first question transferred, there was no error in the denial of the first motion if we were to find the State's procedural position correct.

The State reaches back to the case of *State v. Little,* 1 N.H. 257 (1818), in support of the argument that the conviction in this case could be set aside and the charge dismissed without prejudice to further charges against the defendant. While the rule of law this case stands for may still be viable the circumstances arose from ancient criminal procedures no longer extant. Defendant Little undertook to shield himself from adequate punishment for an offense by hiring someone to file a complaint with a justice of the peace, paying a lawyer to appear for the State with a resulting small fine. The court held the conviction fraudulent and no bar to a subsequent prosecution for the same offense. The justice of the peace court and lack of proper prosecuting authorities have both been long relegated to history in this State. Significantly nearly all the cases collected on this issue in Annot., 75 A.L.R.2d 683, 691-96 (1961) arose under nineteenth century criminal procedures. The *Little* case expressed doubt that a criminal judgment could ever be found fraudulent where the State was represented by its proper prosecuting officer. *State v. Little supra; see Shideler v. State,* 129 Ind. 523, 28 N.E. 537 (1891).

The State alleges that the acts of the defendant subsequent to the plea indicate the defendant falsely appeared repentant and rehabilitated at the time of the plea bargaining. The facts alleged by the State if true would not support the charge

that the conviction for the lesser offense was fraudulently obtained.

*Remanded.*

All concurred.