Original
No. 6608

STATE *ex rel.* TOWN OF HANOVER

v.

HANOVER DISTRICT COURT

March 29, 1974

*Laurence F. Gardner* and *K. William Clauson* (*Mr. Clauson* orally) for the town of Hanover.

*Clyde R. Coolidge,* by brief and orally, for Peter Ross, Marcia Ross, Patrick Patten and Madaleen Patten.

GRIFFITH, J. Petition for writ of certiorari to review the decision of the Hanover District Court granting the defendants' motions to suppress certain evidence seized by the Hanover police during a search of the defendants' persons in the Harris cabin, so-called, located in Hanover.

The town recognizes that the prosecution has no right of appeal in a criminal case (*State v. Titus,* 106 N.H. 223,

212 A.2d 460 (1965); *State v. Greenwood,* 113 N.H. 727, 313 A.2d 725 (1973)), but argues that the ruling of the Hanover District Court imposes more burdensome search and seizure requirements on the police in Hanover than elsewhere and inhibits effective police protection. For this reason, it urges we should grant certiorari and review the decision of the Hanover District Court suppressing the evidence.

If we were to exercise jurisdiction in this case, it would be under the power of the supreme court to exercise general superintendence of all courts within the state system. *In re Mussman,* 112 N.H. 99, 101, 289 A.2d 403, 404-05 (1972); RSA 490:4 (Supp. 1973). In criminal cases we have exercised this authority sparingly on behalf of the prosecution in defining the limits of the authority of the trial court to order discovery in a criminal case (*State v. Superior Court,* 106 N.H. 228, 208 A.2d 832 (1965); *State ex rel. Regan v. Superior Court,* 102 N.H. 224, 153 A.2d 403 (1959)) and establishing the scope of a probable cause hearing. *State ex rel. McLetchie v. Laconia District Court,* 106 N.H. 48, 205 A.2d 534 (1964). These cases all involved interlocutory orders of a trial court from which the State sought protection by writ of prohibition. In each case the court's order was claimed by the State to be an improper intrusion by the trial court in the state's case. In each case important rights of the State and the defendant required definition before trial. We are of the opinion that no such justification exists in the present case.

The extraordinary summary power of the writ of certiorari is "exercised in the discretion of this court sparingly and only when the substantial ends of justice require such action." *George v. Commercial Credit Corp.,* 105 N.H. 269, 271, 197 A.2d 212, 214 (1964); *Nashua v. Public Utilities Commission,* 101 N.H. 503, 148 A.2d 277 (1959). Our discretion should not be exercised to permit an appeal which the State would not otherwise have (*State v. Greenwood,* 113 N.H. 727, 313 A.2d 725 (1973)), but only to prevent injustice to the State in a criminal case where the lower court has acted without jurisdiction or in obvious abuse of its authority.

200

Cases from other jurisdictions granting certiorari in criminal cases are not generally helpful because of different procedures and statutes. Annot., 91 A.L.R.2d 1095 (1963); Annot., 109 A.L.R. 793 (1937). However, the cases of *State v. Then,* 114 N.J.L. 413, 177 A. 87 (1935), and *State v. Coleman,* 58 R.I. 6, 190 A. 791 (1937), provide examples that justify certiorari. In the *Then* case, the lower court quashed certain indictments "capriciously" and in the *Coleman* case, it ordered a dredge, seized in a criminal case, returned to the defendant without hearing any evidence. In both cases the actions of the lower court were of such a nature as to justify the supreme court's intervention to prevent injustice. The Hanover District Court suppressed the evidence in the present case after a full evidentiary hearing with specific findings of fact on which it based its ruling. We are of the opinion that the substantial ends of justice do not require us to issue the writ.

*Petition denied.*

All concurred.