State Personnel Commission
No. 6745
Original
No. 6746

GERARD M. FORREST

v.

STATE PERSONNEL COMMISSION

April 30, 1976

*William S. Orcutt* and *James M. Reams* (under Rule 23) on behalf of New Hampshire Civil Liberties *(Mr. Orcutt* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the defendant.

LAMPRON, J.   Petition by plaintiff to be relieved of the requirement that an appeal from a decision of the personnel commission be filed within thirty days. RSA 541:6. Also a petition for a writ of certiorari asking this court to review the action of the personnel commission which upheld on appeal plaintiff's discharge by the warden on May 1, 1973, from his position of correctional officer at the State prison. The basis of plaintiff's discharge was willful

insubordination for failure to obey a hair length regulation for correctional officers as well as for inmates.

Plaintiff's motion for a rehearing of the commission's decision upholding his discharge was denied on June 26, 1973. RSA 541:6 required that plaintiff's appeal to this court be filed within thirty days thereafter. Plaintiff's brief on his petition for certiorari states that a search of the law pertaining to plaintiff's right to wear his hair in accordance with his desires was made. "[I]t was felt by Forrest and his counsel that the time, expense and burden on this Court in perfecting an appeal ... under RSA 541:6 would not be justified and the appeal period ended." Forty-three days thereafter plaintiff's counsel read a newspaper report of the decision in *Dwen v. Barry,* 336 F. Supp. 487 (E.D.N.Y. 1971), *rev'd and remanded,* 483 F.2d 1126 (2d Cir. 1973), *aff'd without opinion,* 508 F.2d 836 (2d Cir. 1975) pertaining to hair-grooming regulations of a county police department. Plaintiff thereupon filed the two petitions before us.

We turn first to plaintiff's petition for a writ of certiorari. It is clearly established that this court may issue such a writ to determine whether a tribunal has acted illegally as to matters of jurisdiction, authority or observance of the law. RSA 490:4 (Supp. 1975); *State v. New Hampshire Retail Grocers Ass'n Inc.,* 115 N.H. 623, 625, 348 A.2d 360, 362 (1975). It is not a method to obtain a review of facts as such. *Cloutier v. State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942). Certiorari is granted sparingly and only when the substantial ends of justice require such action, and ordinarily not when other procedures are available. *George v. Commercial Credit Corp.,* 105 N.H. 269, 271, 197 A.2d 212, 214 (1964). It is not usually granted when a party has waived his right of appeal by not filing within the prescribed time, as was the case here. *Gallo v. Century Broadcasting,* 114 N.H. 810, 812, 330 A.2d 780, 781 (1974); *Nashua v. Public Utilities Commission,* 101 N.H. 503, 506-07, 148 A.2d 277, 279-80 (1959).

The uncertainty of the state of the law pertaining to plaintiff's constitutional right to wear his hair as he pleased was the motivating cause of plaintiff's waiver of his right to appeal under RSA 541:6. A probable change of that law in plaintiff's favor is what caused the filing of the two motions before us. The interference with this supposed constitutional right by the prison warden upheld by the decision of the personnel commission was the most convincing argument presented by the plaintiff in favor of his motions.

However, on April 5, 1976, the case of *Dwen v. Barry supra* relied on by the plaintiff was reversed by the United States Supreme Court in *Kelley v. Johnson,* 44 U.S.L.W. 4469 (U.S. April 5, 1976). Consequently, we hold that absent the only basis on which the plaintiff's petition might have been granted, his petition for a writ of certiorari is denied. There is no statutory provision allowing a late filing of an appeal under RSA ch. 541. We need not decide if this court, nevertheless, has jurisdiction to allow the late appeal requested by plaintiff's petition as we find no basis under the circumstances which would justify a late appeal. Plaintiff's petition seeking this relief is also denied.

*Petitions denied.*

All concurred.