Rockingham
No. 82-547

THE STATE OF NEW HAMPSHIRE

v.

ROBERT B. NOCELLA

October 28, 1983

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, and *Edna M. Conway*, attorney, on the brief, and *Ms. Conway* orally), for the State.

*Scammon & Gage*, of Exeter (*Peter A Meneghin, III*, on the brief and orally), for the defendant.

BATCHELDER, J. The defendant, Robert B. Nocella, Sr., was indicted by the Rockingham County Grand Jury on June 1, 1982, on two counts alleging him to be a felon in possession of firearms contrary to RSA 159:3. Under this charge, the State must prove that the defendant was in possession of one of the statutorily proscribed

firearms and, at the time of such possession, had been convicted in this or any other State of a felony.

The alleged felony conviction relied upon by the State in this case is a conviction of the defendant in the Middlesex County Superior Court of the Commonwealth of Massachusetts on January 24, 1962. The Massachusetts indictment charged that the defendant "on the eighth day of December in the year of our Lord one thousand nine hundred and sixty-one at Somerville, in the County of Middlesex aforesaid, in the night time did break and enter the dwelling house of Mary Smiley situated in said Somerville with intent therein to commit larceny, and did steal one watch, one bank and money." After a guilty plea, the defendant was sentenced to the house of correction.

Because Nocella was charged with breaking and entering with the intent to commit "larceny," rather than with the intent to commit a "felony," the usual wording of such an indictment, the Massachusetts indictment raises the question whether the defendant was convicted of a felony or of a misdemeanor. On October 15, 1982, in granting the defendant's motion to dismiss, the Trial Court (*Wyman,* J.) found that the State had failed to prove that the defendant was a convicted felon, and that the indictment was therefore insufficient. The State filed a motion for the court to reconsider its dismissal. The motion was denied, with the State's exception noted, and the State appealed. In our decision, we do not reach the question whether the defendant was convicted of a felony or of a misdemeanor.

■■ The State has no general right to appeal an adverse ruling in a criminal case, *State v. Greenwood,* 113 N.H. 727, 313 A.2d 725 (1973), and the State has thus asked us to hear this appeal under the general superintending powers of the supreme court over all courts. RSA 490:4 (Supp. 1979). This court has previously pointed out that "in criminal cases we have exercised this authority sparingly on behalf of the prosecution in defining the limits of the authority of the trial court to order discovery in a criminal case (citations omitted) and establishing the scope of a probable cause hearing. (Citation omitted.) . . . In each case the court's [interlocutory] order was claimed by the State to be an improper intrusion by the trial court in the State's case. In each case important rights of the State and the defendant required definition before trial." *State ex rel. Hanover v. Hanover Dist. Ct.,* 114 N.H. 198, 199, 317 A.2d 785, 786 (1974).

The defendant's prior conviction of a felony was an essential element of the State's case, which the State had to prove beyond a reasonable doubt. RSA 625:10. Although the trial court's determination

that the State failed to meet its burden was necessarily based on an interpretation of foreign law, an issue usually cognizable by this court, we decline to intervene in this case.

We cannot say that the action by the trial court raises questions about the rights of the State in a criminal case important enough to justify the exercise of our superintending authority.

*Dismissed.*

SOUTER, J., did not sit; DOUGLAS and BROCK, JJ., concurred specially; KING, C.J., concurred.

DOUGLAS and BROCK, JJ., concurring specially: While we believe that consideration should be given to the State's having a right to appeal adverse outcome determinative rulings that have been certified personally by the attorney general, the case before us does not warrant a departure from existing case law or rules of procedure. Accordingly, we concur in the result.