Scott HEBERT, By and Through His Mother and Next Friend, Laurette HEBERT, and Laurette Hebert

v.

MANCHESTER, NEW HAMPSHIRE, SCHOOL DISTRICT, James Vitagliano, Individually and In His Capacity As Director of Special Services for the Manchester, New Hampshire, School District, and Effie Malley, In Her Official Capacity as Director, New Hampshire Division for Children and Youth Services.

Civ. No. 90–245–M.

United States District Court, D. New Hampshire.

Sept. 29, 1993.

Ronald K. Lospennato, Concord, NH, for plaintiffs.

Nancy J. Smith, Concord, NH, Dean B. Eggert, Manchester, NH, for defendants.

## ORDER

McAULIFFE, District Judge.

Scott Hebert and his mother, Mrs. Laurette Hebert, challenge an April 1990 decision by a New Hampshire Department of Education hearings officer. The hearings officer determined that Scott's 1989–90 Individual Education Plan ("IEP") satisfied the requirements of both the Individuals with Disabilities Education Act[1] ("IDEA"), 20 U.S.C.A. § 1400, *et seq.*, and the New Hampshire Standards for the Education of Handicapped Students, N.H. Admin. Rules, Ed. 1101.01, *et seq.* This court (Stahl, J.) previously dismissed their IDEA appeal as time barred (Order, June 11, 1992), but other claims remain, based on section 504 of the Rehabilitation Act, 29 U.S.C. § 794, 42 U.S.C. § 1983, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Jurisdiction is asserted under 20 U.S.C.A. § 1415(e)(2), and 28 U.S.C. §§ 1331 and 1343. Before the court are plaintiffs' motion to reconsider and amend orders of June 11, 1992, and October 2, 1992, dismissing the IDEA appeal, as well as defendants' motion for summary judgment.

### I. *Background*

The right to a free and appropriate education under IDEA is "tailored to the needs

---

1. When plaintiffs filed their complaint, this statute was entitled "Education of the Handicapped Act." During the course of these proceedings the statute was renamed. *See* 20 U.S.C.A. § 1400 (Supp.1992).

of the handicapped child by means of an 'individualized education plan' (IEP)." *Hendrick Hudson Cent. School Dist. v. Rowley*, 458 U.S. 176, 181, 102 S.Ct. 3034, 3038, 73 L.Ed.2d 690 (1982) (citing 20 U.S.C. § 1410(a)[19] ). An IEP is a

> written statement for each handicapped child developed in any meeting by a representative of the local educational agency or an intermediate educational level unit who shall be qualified to provide, or supervise provision of, specially designed instruction to meet the unique needs of handicapped children, the teacher, the parents or guardian of such child, and, whenever appropriate, such child, which statement shall include—
>
> (A) a statement of the present levels of educational performance of such child,
>
> (B) a statement of annual goals, including short-term instructional objectives,
>
> (C) a statement of the specific educational services to be provided to such child, and the extent to which such child will be able to participate in regular educational programs,
>
> (D) the projected date for initiation and anticipated duration of such services, and
>
> (E) appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved.

20 U.S.C.A. § 1410(19).

Scott Hebert has been considered handicapped by school officials throughout his educational career. Because Scott's 1989–90 IEP was not acceptable to his family they sought to revise it, to account for his alleged educational need for residential placement. The school district declined to revise it or to assume financial responsibility for Scott's residential placement. The Heberts contested the district's refusal, as well as various alleged procedural violations related to

Scott's program for school years 1987–88, 1988–89 and 1989–90. Suit was brought in this court after the Heberts pursued but failed to obtain relief at the state administrative level.

It is sufficient for this ruling to simply note that since January of 1988, Scott has been placed in a number of residential facilities to deal with his uncontrollable behaviors at home, his potential danger to himself and his family, his non-attendance at school, and his substance and alcohol abuse problems. He has resided at the following facilities: Spaulding Youth Center; Philbrook Hospital; Seaborne Hospital; and Odyssey House.

The state hearings officer determined that financial responsibility for Scott's residential placements remained with Mrs. Hebert, because they were necessary due to Scott's repeated truancy and substance abuse, rather than to meet his legitimate educational needs. Accordingly, the hearings officer found that the Manchester School District had not deprived Scott of his right to a free and appropriate education under IDEA. As required, the hearings officer concluded the administrative process by advising the Heberts of their right to appeal her decision; she did not, however, inform them of the specific time limitation applicable to any appeal they might wish to take.

## II. *Motion to Reconsider Dismissal On Statute of Limitations Grounds*

By Order dated June 11, 1992, this court (Stahl, J.) granted defendants' motion to dismiss plaintiffs' appeal as time barred. The court applied the thirty day limitations period adopted in *Bow School District v. Quentin W.*, 750 F.Supp. 546, 550 (D.N.H.1990) to this case.[2] Order, June 11, 1992, at 6.

New Hampshire's legislature had enacted a new statute of limitations facially applicable to IDEA appeals before this appeal was dismissed, but it was not effective until June 30, 1992.[3] That statute extended the time in

---

2. Judge Stahl adopted in full the retroactivity rationale of *G.D. v. Westmoreland School Dist.*, 783 F.Supp. 1532, 1535 (D.N.H.1992) (Devine, J.).

3. The statute provides:

IV. An appeal from a final administrative decision in a special education due process hearing to a court of competent jurisdiction pursuant to 20 U.S.C. § 1415(e) shall be commenced within 120 days from the receipt of the final

which an IDEA appeal must be filed to 120 days, from receipt of a final administrative decision. Given the new legislation, plaintiffs filed a motion to reconsider the court's dismissal. By order dated October 2, 1992, the court (Stahl, J.)[4] denied plaintiffs' motion and declined to retroactively borrow the newly effective statute in order to revive the previously barred appeal.

Upon reassignment of this case, the court scheduled defendants' pending motion for summary judgment for oral argument. At oral argument the troublesome statute of limitations issue was again revisited and, after discussion, plaintiff was invited to file a motion to reconsider and brief the court's earlier application of the borrowed 30 day limitations period.

The record reveals the following uncontested facts. The hearings officer issued her decision in this matter on April 19, 1990. Forty-two days later, on May 31, 1990, the Heberts filed an appeal challenging that decision. Thirty-six days had elapsed between the date plaintiffs' counsel received notice of the decision and the date he filed the complaint (appeal). To the extent the complaint sought review under IDEA, it was untimely under the 30 day rule, whether measured from the issuance or receipt of the decision.

Having carefully reconsidered the issue, the court has determined that it is obligated to affirm its earlier retroactive application of the borrowed thirty day limitations period. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991); *Amann v. Stow*, 991 F.2d 929 (1st Cir.1993); *Bow School District v. Quentin W.*, 750 F.Supp. 546, 549 (D.N.H. 1990). However, though the 30 day period applies, the court is also satisfied that the circumstances of this case warrant equitable tolling of that limitations period, at least for a reasonable period of time. For the reasons set forth below, plaintiffs' motion for recon-

sideration is granted, and the IDEA appeal is reinstated.

### A. Applicable Statute of Limitations

■ The Court of Appeals' recent decision in *Amann v. Stow*, 991 F.2d 929 (1st Cir. 1993), arguably established a new rule in this circuit for statute of limitations borrowing relative to IDEA appeals. Under *Amann*, courts in this circuit must borrow the limitations period (generally 30 days) governing appeals from state administrative agency decisions, assuming those limitations are also consistent with the federal policies and goals underlying IDEA. *Amann*, 991 F.2d at 931–933. Affirming the choice of state administrative appeal deadlines, the court noted that "their relatively brief limitations periods are consistent with the IDEA's goal of prompt resolution of disputes over the educational placement of learning-disabled children." *Id.* at 931.

The decisions in this district, (before the effective date of N.H. R.S.A. § 186–C:16–b), have been diverse both in their approach and in their application of limitations periods to IDEA appeals. *Compare Edward B. v. Brunelle*, 662 F.Supp. 1025 (D.N.H.1986) (Loughlin, J.) (64 day delay between issuance of hearings officer's decision and filing of appeal held "not unreasonable"—appeal allowed); *Mark E. v. Northland School District*, No. 84–156–L, slip op. (D.N.H. November 25, 1986) (declining to apply 30–day limitations period of N.H.R.S.A. § 541:6); *with I.D. v. Westmoreland School District*, 788 F.Supp. 634, 638 (D.N.H.1992) (applying state's 30–day administrative appeal limitation); *G.D. v. Westmoreland School District*, 783 F.Supp. 1532, 1538 (D.N.H.1992) (Devine, J.) (same); *Bow School District v. Quentin W.*, 750 F.Supp. 546 (D.N.H.1990) (Stahl, J.) (same). *Amann* plainly validates this court's prior decisions applying New Hampshire's 30–day limitation on administrative appeals[5] and dispels any confusion in this district regarding

decision. All such decisions shall be sent certified mail, return receipt requested.
N.H.Rev.Stat.Ann. § 186–C:16–b (Supp.1992).

**4.** United States Circuit Judge sitting by designation.

**5.** N.H.Rev.Stat.Ann. § 541:6 provides:

Appeal. Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing, the applicant may appeal by petition to the supreme court.

the correct limitation period applicable to IDEA appeals, or at least to those filed before June 30, 1992. *See* n. 3, *supra.*

▪▪▪ The "new rule" of *Amann* is retroactively applicable to this case, and every other case not finally adjudicated. In *Harper v. Virginia Dep't of Taxation,* —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the Supreme Court reaffirmed its earlier disinclination, expressed in *James B. Beam Distilling Co. v. Georgia,* 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (Souter, J.), to permit selective prospectivity of newly announced rules of law under the *Chevron Oil* [6] test:

> Regardless of how *Chevron Oil* is characterized, our decision today makes it clear that "'the *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case', and that the federal law applicable to a particular case does not turn on 'whether [litigants] actually relied on [an] old rule [or] how they would suffer from retroactive application' of a new one."

*Harper,* —— U.S. at ——, 113 S.Ct. at 2516 n. 9 (quoting *Beam,* 501 U.S. at ——, 111 S.Ct. at 2447); *See Beam,* 501 U.S. at ——, 111 S.Ct. at 2445. So, equitable considerations can no longer prevent a new rule of law from applying to a pending case. Plaintiffs argue that the circumstances of this particular case compel an exception to the rule of retroactivity, because they filed this appeal when there was clear and consistent judicial precedent in this district, upon which they could have reasonably relied, both rejecting application of the 30–day limitations period (*see Amann,* 991 F.2d at 934), and allowing appeals filed later in time than their own.

While plaintiffs' argument has persuasive appeal from a fairness standpoint, in light of *Harper* this court is constrained to reject it

and apply the 30 day limitation period set out in N.H.Rev.Stat.Ann. § 541:6. Even if the court found plaintiffs' appeal to have been timely when filed under then existing district court precedent, it still would be obliged to apply the correctly borrowed 30 day limitations period "retroactively" to this case. *See Harper,* —— U.S. ——, 113 S.Ct. at 2516; *Beam,* 501 U.S. ——, 111 S.Ct. 2439.

## B. *Equitable Tolling*

▪▪▪ Although equitable considerations no longer affect choice of law determinations, post-*Harper,* federal courts still must consider equitable factors in deciding whether to toll the running of even retroactively applied periods of limitation. The doctrine of equitable tolling applies to all federal statutes of limitations, *Holmberg v. Arbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), and, when a federal court borrows a state statute of limitations it must also borrow the analogous state tolling rules, at least to the extent they are consistent with federal law. *Spiegler v. District of Columbia,* 866 F.2d 461, 469 (D.C.Cir.1989) (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980)). Under New Hampshire law, principles of equitable tolling apply to the application of periods of limitation. *See, e.g., Wilson v. Personnel Comm'n,* 117 N.H. 783, 785, 378 A.2d 1375, 1377 (1977) (party acts within reasonable time only if circumstances excuse the delay); *Nashua v. Public Utilities Comm'n,* 101 N.H. 503, 507, 148 A.2d 277, 280 (1959). So, whether applying federal or state principles, the equitable tolling doctrine does apply in determining whether appeals under IDEA are filed in timely fashion.

▪▪▪ Equitable tolling is appropriately available in IDEA appeals when parents or guardians are not represented by legal coun-

---

6. The *Chevron Oil* test is, or was, a three part inquiry applied in determining the prospective application of a judicial decision:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that 'we must ... weigh the

merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' Finally, we [must] weig[h] the inequity imposed by retroactive application....

*Chevron Oil v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted).

sel, or were not fully apprised of their rights of appeal, or acted in good faith within the time previously approved by a court of competent jurisdiction. *See Spiegler,* 866 F.2d 461, 468–69 (and cases cited therein); *Valerie J. v. Derry Cooperative School District,* 825 F.Supp. 434 (D.N.H.1993); *I.D. v. Westmoreland School Dist.,* No. 91–155, slip op. at 4, 788 F.Supp. 632, 634 (D.N.H. August 1, 1991) (Stahl, J.); *Quentin W.,* 750 F.Supp. 546.

In this case, plaintiffs were represented by competent counsel, expert in this area of the law. Nevertheless, they point to the state hearings officer's failure to notify them of the allotted time in which to appeal as a reason to equitably toll the thirty day limitation period. While plaintiffs were notified by the hearings officer of their right to appeal her decision to either the New Hampshire Superior Court or to a United States District Court, they were not specifically informed of the applicable time limitation. Decision, p. 13.

■■■ IDEA requires state agencies to "fully inform the parents or guardian … of all procedures available pursuant to [section 1415]." 20 U.S.C. § 1415(b)(1)(D). Accordingly, hearings officers are statutorily obligated to inform parents of the time limitation applicable to appeals of their IDEA decisions. *See Spiegler v. District of Columbia,* 866 F.2d 461, 467, 469 (D.C.Cir.1989) (school district was equitably estopped from invoking 30 day limitations period where it failed to notify parents of that limitation). In this case the hearings officer undoubtedly did not notify plaintiffs of the specific thirty day limitation because *Quentin W.,* establishing the thirty day appeal period in this district, was not decided until seven months after the administrative decision was issued. *See Bow School District v. Quentin W.,* 750 F.Supp. 546 (D.N.H.1990). While the failure to advise plaintiffs in this case of the applicable time limitation on appeals was completely understandable, nevertheless, that failure and other factors combine to warrant equitable tolling for a reasonable time.

A reasonable period of tolling in this case would be at least coextensive with filing periods previously held acceptable in published opinions of this court, which were extant at the time plaintiffs filed their appeal. This court (Loughlin, J.) previously allowed parents to bring an IDEA appeal under § 1415(e) sixty-four days after a hearings officer's decision. *See Edward B. v. Brunelle,* 662 F.Supp. 1025, 1032 (D.N.H.1986). That decision was published, was apparently good law, and could have reasonably been relied upon by plaintiffs when they filed this appeal. Plaintiffs in fact filed this appeal well within the time existing precedent had deemed "reasonable." Accordingly, under the equitable tolling doctrine, the court shall deem the period of limitations applicable to this case to have been extended to sixty-four days, rendering plaintiffs' IDEA appeal timely.

Plaintiffs' motion for reconsideration is granted, and their IDEA appeal is reinstated.

### III. *Defendants' Motion for Summary Judgment*

■■■ Defendants' motion for summary judgment invokes the doctrines of collateral estoppel and res judicata. They argue plaintiffs' complaint is devoid of factual allegations sufficient to state a cause of action independent of the alleged IDEA violations. If plaintiffs' IDEA appeal is time barred, defendants contend, the remaining counts under the Rehabilitation Act, under § 1983, and under the Fourteenth Amendment should be dismissed, because each is based upon alleged IDEA violations that now cannot be proven.

Since the court has granted plaintiffs' motion for reconsideration, and reinstated the IDEA appeal, defendant's motion for summary judgment on those grounds has been mooted. Parenthetically, however, the court would note that Judge Stahl previously held that judicially unreviewed administrative decisions in IDEA cases should not be given preclusive effect. *I.D. v. Westmoreland,* 788 F.Supp. 634, 641 (D.N.H.1992) (citing *JSK v. Hendry County School Board,* 941 F.2d 1563, 1567–70 (11th Cir.1991)). And, it is not entirely clear to what extent, if any, plaintiffs may bring independent claims based upon alleged violations of statutory schemes with

self-contained remedial provisions. *See, e.g., Smith v. Barton,* 914 F.2d 1330, 1333 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991); *Thorne v. Cavazos,* 744 F.Supp. 348, 351 (D.D.C. 1990).

### IV. *Conclusion*

Plaintiffs' motion for reconsideration (document no. 54) is granted. Plaintiff's IDEA appeal is reinstated. Defendants' motion for summary judgment (document no. 50) is denied as moot.

SO ORDERED.