John **BETHEL** and Nancy Bethel; and Nancy Bethel, Mother and Natural Guardian of Joshua Ray Bethel, a minor, Ashley Sue Bethel, a minor, John Lucas Bethel, a minor, and Jacob Cain Bethel, a minor, Plaintiffs,

v.

**AMERICAN INTERNATIONAL MANUFACTURING CORPORATION, a corporation, Defendant.**

No. CIV-90-1663-A.

United States District Court, W.D. Oklahoma.

July 5, 1991.

Ed Abel, Kenneth G. Cole, Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl., for plaintiffs.

John C. Niemeyer, Michael L. Noland, Niemeyer, Noland & Alexander, Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

On February 20, 1990, plaintiff John Bethel was injured in an oil field accident that resulted in permanent loss of the full use of his legs and his right arm.[1] Plaintiffs John and Nancy Bethel filed this action on October 11, 1990, alleging that John Bethel's injuries were directly caused by a defective pump jack manufactured by defendant, American International Manufacturing Company, Inc. John Bethel seeks damages for medical expenses, lost income and pain and suffering. Nancy Bethel seeks damages for loss of her husband's services, companionship and consortium. In addition, plaintiffs both assert a claim for punitive damages.

On February 4, 1991, plaintiffs filed a Second Amended Complaint alleging an additional claim for loss of parental consortium on behalf of plaintiffs' minor children.[2] This claim was based on a recent decision of the Oklahoma Supreme Court that held that minor children may maintain an action for the permanent loss of parental consortium when a parent is negligently injured by a third party. *Williams v. Hook*, 804 P.2d 1131, 1138 (Okla.1990). The issue presented in *Williams* was one of first impression in Oklahoma and the Court's conclusion represents a clear break with the majority viewpoint. *Id.* at 1133 n. 2.

■ This action is before the Court on defendant's Motion for Judgment on the Pleadings. On a motion for judgment on the pleadings, the factual allegations contained in the Complaint are deemed admitted and the only question is whether the moving party is entitled to judgment as a matter of law. *See Gillman v. Burlington Northern R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989); *Lambert v. Inryco, Inc.*, 569 F.Supp. 908, 912 (W.D.Okla.1980). The issue presented in defendant's motion is whether the claim recognized in *Williams* should be given retroactive or prospective application.[3] This issue represents solely a question of law; therefore, resolution pursuant to Fed.R.Civ.P. 12(c) is appropriate.

■ In *Williams*, the Oklahoma Supreme Court did not address whether its decision should be given prospective or retroactive application.[4] When faced with this issue, the Honorable Ralph G. Thompson of this Court determined that consideration of the factors enunciated in *Chevron Oil Co. v. Huson*,[5] 404 U.S. 97, 106–107, 92 S.Ct.

---

1. John Bethel's right arm was amputated below the elbow, his left leg was amputated below the knee, and his right leg incurred muscle loss in the thigh.

2. John and Nancy Bethel have four children between the ages of 4 and 9.

3. Defendant contends that the Bethel children's claim for loss of parental consortium must be dismissed because the claim arose prior to February 15, 1991, the date the mandate issued in *Williams*. John Bethel was injured on February 20, 1990, nearly a year prior to issuance of the mandate. It appears that defendant would not question the children's right to bring an action for loss of consortium if their father had been injured on or after February 15, 1991.

4. This is in marked contrast to other cases in which the Oklahoma Supreme Court recognized

a new cause of action or procedural right. *See, e.g., Short v. Kiamichi Area Vo–Tech School,* 761 P.2d 472, 478 (Okla.1988), cert. denied 489 U.S. 1066, 109 S.Ct. 1341, 1342, 103 L.Ed.2d 811 (1989); *Harry R. Carlile Trust v. Cotton Petroleum Corp.,* 732 P.2d 438, 445–49 and n. 51 (Okla. 1986), cert. denied 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 764 (1987); *Brigance v. Velvet Dove Restaurant, Inc.,* 725 P.2d 300, 306 (Okla.1986); *Unah v. Martin,* 676 P.2d 1366, 1370 (Okla. 1984); *Vanderpool v. State,* 672 P.2d 1153, 1157 (Okla.1983).

5. The Oklahoma Supreme Court has adopted the three factors discussed in *Chevron Oil* as the test for ascertaining when retroactivity of a new pronouncement should be restricted. *Griggs v. Oklahoma Dep't of Transp.,* 702 P.2d 1017, 1020 (Okla.1985). The three-part test requires the court to consider: (1) whether the decision es-

349, 355–56, 30 L.Ed.2d 296 (1971), dictates that retroactive application of *Williams* is appropriate.[6] Since entry of Judge Thompson's decision and the parties' filing of briefs in this case, the United States Supreme Court has once again spoken on the issue of retroactivity. *See James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

The teaching of *James B. Beam* is that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* at —, 111 S.Ct. at 2448. At issue in *James B. Beam* was whether a new rule of law announced by the Supreme Court in *Bacchus Imports, Ltd. v. Dias,* 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), should apply retroactively to claims that arose before the Court issued its opinion in that case. In *Bacchus,* the Supreme Court applied the new rule to the parties before it and did not discuss whether the rule should be applied prospectively or retroactively. The Georgia Supreme Court, utilizing the *Chevron Oil* factors, held that the rule announced in *Bacchus* was prospective in application only. The United States Supreme Court reversed. In the lead opinion, is stated:

> [b]ecause the *Bacchus* opinion did not reserve the question whether its holding should be applied to the parties before it, ... it is properly understood to have followed the normal rule of retroactive application in civil cases.... *Bacchus* thus applied its own rule, just as if it had reversed and remanded without further ado, and yet of course the Georgia courts refused to apply that rule with respect to the litigants in this case. Thus the question is whether it is error to refuse to

apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis.

*Id.* — U.S. at —–—, 111 S.Ct. at 2445–46. The Supreme Court rejected modified prospectivity, in which a new rule is applied in the case in which it is announced, but not in cases arising on facts that predate the pronouncement. The Court noted that modified prospectivity "breaches the principle that litigants in similar situations should be treated the same, a fundamental component of *stare decisis* and the rule of law generally." *Id.* at —, 111 S.Ct. at 2444. The Court held

> Because the rejection of modified prospectivity precludes retroactive application of a new rule to some litigants when it is not applied to others, the *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case. Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application.

*Id.* at —, 111 S.Ct. at 2447 (citations omitted).

The Court's analysis in *James B. Beam* applies with equal force to the case at bar. The Oklahoma Supreme Court applied the rule announced in *Williams* to the parties in that case.[7] While this Court cannot hold that *James B. Beam* establishes the rule in Oklahoma, it appears likely that the Oklahoma Supreme Court would follow this decision and find that the rule announced in *Williams* applies to all claims that are not barred procedurally or by reason of res

---

tablishes "a new principle of law, either by overruling clear past precedent ... or on an issue of first impression whose decision is not clearly foreshadowed;" (2) "the merits and demerits of applying the rule retroactively by considering the rule's prior history, its purposes and effect, and whether retroactivity will further or retard its operation;" and (3) "the inequity flowing from retroactive application, including unfairness and hardship to the parties." *Id.*

6. *McGinnis v. Hillis,* No. Civ–90–1424–T, slip op. at 7 n. 3 (W.D.Okla. May 11, 1991).

7. The Court reversed and remanded the trial court's dismissal of the children's claim for failure to state a claim upon which relief can be granted. *Williams,* 804 P.2d at 1138.

judicata.[8] Retroactive application of judicial pronouncements is in keeping with the basic constitutional principle that judges do not act as legislators, but rather act as declarers of the law. *See James B. Beam,* — U.S. at ——–——, ——, 111 S.Ct. at 2441-45, 2449-51. The Constitutional principles at work in *James B. Beam* are as present in our State's Constitution.

Like the lead opinion in *James B. Beam,* this Court expresses no opinion as to whether the Oklahoma Supreme Court can declare a new rule of common law to be purely prospective in nature.[9] *See id.* at ——, 111 S.Ct. at 2248-49. That, however, is not what the Oklahoma Supreme Court did in this instance. Because the Court in *Williams* applied its newly announced rule—without limitation—to the parties before it, the minor children in this case are entitled to maintain an action for loss of parental consortium. In the opinion of this Court, the Supreme Court of Oklahoma would follow the teaching of *James B. Beam.*

Defendant's Motion for Judgment on the Pleadings is DENIED.[10]

It is so ordered.

---

**8.** The Oklahoma Supreme Court in *Harry R. Carlile,* 732 P.2d at 445 n. 34, specifically noted that "[t]oday's pronouncement is consistent with the current jurisprudence of the United States Supreme Court."

**9.** The Court in *Williams* relied heavily on an analysis of Oklahoma's wrongful death statute in reaching its conclusion. *See Williams,* 804 P.2d at 1137. The rule announced was not strictly a common law ruling, but had a statutory basis. In addition, the Court noted that the children's interest had a constitutional dimension. *Id.* The latter consideration predisposes toward retroactivity. Judges who declare the Constitutional law would be performing an essentially legislative function if they categorized those who do and those who do not have the benefit of the declaration.

**10.** In the alternative, defendant moves the Court to certify a question of law to the Oklahoma Supreme Court. The Court finds that certification is unnecessary and therefore DENIES defendant's alternative motion.