**J. Drayton HASTIE, individually and for all persons similarly situated, Plaintiff,**

**v.**

**AMERICAN AGRI–CORP., now known as Amcor Capital, Inc., a California corporation, et al., Defendants.**

**and Related Cases.**

**Nos. SACV 89–433–GLT, 90–164–GLT, 90–243–GLT and 91–236–GLT.**

United States District Court, C.D. California.

Oct. 17, 1991.

As Modified Oct. 31, 1991.

John V. Hager, Kinkle, Rodiger & Spriggs, Los Angeles, Cal., Stewart M. Hanson, Jr., Richard J. Lawrence, J. Michael Hansen, Jeffrey W. Shields, Gary R. Henrie, of and for Suitter Axland Armstrong & Hanson, Salt Lake City, Utah, for defendants American Agri–Corp., Frederick H. Behrens, George L. Schreiber and Robert A. Wright.

Herbert Beigel, Leigh R. Lasky, Beigel & Sandler, Chicago, Ill., Harold E. Kohn, Joseph C. Kohn, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Elwood S. Kendrick, Elwood S. Kendrick, Inc., Los Angeles, Cal., Edward Gartenberg, Burris, Drulias & Gartenberg, Los Angeles, Cal., for plaintiff J. Drayton Hastie.

## MEMORANDUM OPINION

TAYLOR, District Judge.

In the absence of published Ninth Circuit authority, the issue presented in this case is whether to apply retroactively the Supreme Court's recent *Lampf* decision concerning the applicable statute of limitations for Securities Exchange Act of 1934 section 10(b) securities fraud cases. This court concludes that the *Lampf* rule is retroactive.

### I. BACKGROUND

During the years 1982 to 1986 plaintiffs invested in a series of farming tax shelter arrangements promoted by defendant Amcor. The Internal Revenue Service later disallowed all deductions on these investments. Plaintiffs sued, first in June 1989, against Amcor, its attorneys, and accountants, for Securities Act section 10(b) violations, RICO claims, and various state claims.

In June 1991, the Supreme Court decided *Lampf, Pleva, Lipkind, Prupis, and Petigrow v. Gilbertson*, 501 U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), alleging violations of section 10(b) of the Securities Act in a series of limited partnership investments. The *Lampf* defendants argued that the complaints were time-barred. The Supreme Court rejected application of a state statute of limitations, and instead applied the federal statute of limitations contained in the Securities Act of 1934. Under the Securities Act approach adopted by the Supreme Court, claims must be brought within one year of discovery of the alleged wrong and within three years of the events which give rise to the cause of action. This decision settled a split between the Circuits as to the applicable statute of limitations in section 10(b) actions. *Compare, Davis v. Birr, Wilson & Co.*, 839 F.2d 1369 (9th Cir.1988) (using applicable state statute of limitations); *Welch v. Cadre Capital*, 923 F.2d 989 (2nd Cir.1991), *rev'd* and *remanded*, —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991) (discussing that Circuit's use of limitations period contained in the Securities Act of 1934).

The issue before this court is whether the *Lampf* rule is retroactive[1]. Plaintiffs invested between 1982 and 1986, but did not first file suit until 1989. Under *Lampf's* three-year limitations period, most of plaintiffs' investment claims would be time-barred because more than three years passed before suit was filed.

### II. DISCUSSION

The *Lampf* case is not silent on the subject of retroactivity. The Supreme Court applied its statute of limitations holding retroactively to the litigants before it. Justice O'Connor's dissent calls attention to this fact: "Until today, however, the Court has never applied a new limitations period retroactively to the very case in which it announced the new rule so as to bar an action that was timely under binding circuit precedent." 501 U.S. at ——, 111 S.Ct. at 2786.

---

1. In unpublished orders, several judges of this District have ruled in favor of retroactivity, while at least one judge has ruled against retroactivity.

On the same day *Lampf* was decided, the Supreme Court made clear that, when that Court applies a decision retroactively to the parties before it, it must also be applied retroactively to other parties similarly situated. In *James B. Beam Distilling Co. v. Georgia*, 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), Justice Souter wrote for the Court in noting, "when the Court has applied a rule of law to the litigants in one case, it must do so with respect to all others not barred by procedural requirements or res judicata." 501 U.S. at ——, 111 S.Ct. at 2448.

Further indication of the Supreme Court's position is found in *Welch v. Cadre Capitol*, 923 F.2d 989 (2nd Cir.1991), *rev'd* and *remanded*, —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991). In *Welch*, the Second Circuit had held its adoption of a uniform federal limitations period should not have retroactive application. The Supreme Court reversed and remanded for reconsideration in light of the *Lampf* and *Beam* decisions, thereby showing that *Lampf* and *Beam* govern retroactive application of limitations periods [2].

This court's position that *Lampf* applies retroactively is supported by the weight of authority outside the Ninth Circuit. *Boudreau v. Deloitte, Haskins, & Sells*, 942 F.2d 497 (8th Cir.1991) ("We are compelled to apply *Lampf* retroactively to the parties in this case"); *Anixter v. Home–Stake Production Co.*, 939 F.2d 1420 (10th Cir. 1991); *Bank of Denver v. Southeastern Capital Group, Inc.*, 770 F.Supp. 595 (D.Colo.1991); *Dolan v. Rothschild Reserve International, Inc.*, 1991 WL 155770 (S.D.N.Y. Aug. 8, 1991); *Aaronson v. Bushell*, 1991 WL 152608 (S.D.N.Y. August 1, 1991); *Duke v. Touche Ross & Co.*, 1991 WL 137493 (S.D.N.Y. July 24, 1991); *Vito v. Prudential–Bache Securities, Inc.*, 1991 WL 131186 (E.D.Pa. July 11, 1991); and *Baggett v. Edward D. Jones & Co.*, 1991 WL 126602 (D.Kan. June 27, 1991). Although a few courts have reached the oppo-site conclusion [3], the position taken by this court is in accord with the clear majority of cases.

### III. DISPOSITION

For the reasons set forth herein, this court concludes that the *Lampf* rule is to be applied retroactively. .

---

**2.** Plaintiffs' argument for non-retroactivity based on a distinction between procedural rules and substantive law (*Chevron Oil Corp. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)) is without merit in view of the holdings in *Lampf* and *Beam*, *supra*.

**3.** *See e.g., Glick v. Berk and Michaels, P.C.*, 1991 WL 152614 (S.D.N.Y. July 26, 1991).