**G.D., et al.**

v.

**WESTMORELAND SCHOOL DISTRICT.**

**Civ. No. 90–447–D.**

United States District Court,
D. New Hampshire.

Feb. 7, 1992.

---

Louis Helmuth, Burlington, Vt., for plaintiffs.

Gordon Graham, Salem, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this action, plaintiffs appeal the August 29, 1990, decision of a New Hampshire Department of Education hearing officer which found that the 1989–90 Individual Education Plan ("IEP") proposed for plaintiff was both procedurally and substantively in compliance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* (Count I). Plaintiffs also seek damages pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (Count II), and civil rights violations, 42 U.S.C. § 1983, *et seq.* (Count III). Presently before the court is a motion to dismiss Count I as untimely filed.

In *Bow School District v. Quentin W.*, 750 F.Supp. 546 (D.N.H.1990), the court established a 30–day statute of limitations for appealing a hearing officer's decision under the IDEA. Following the Supreme Court's mandate to "borrow" the most analogous state statute of limitations,[1] Judge Stahl found that an action under the IDEA, 20 U.S.C. § 1415(e)(2),[2] more closely resembles an administrative appeal than a personal action. *Id.* at 549. Accordingly, he held that the 30–day limitations period applicable to administrative appeals in New Hampshire[3] should apply to actions brought pursuant to section 1415(e)(2).

Subsequently, in *I.D., et al. v. Westmoreland School Dist.*, No. 91–155–S, slip op. (D.N.H. Aug. 1, 1991), Judge Stahl definitively[4] stated that the 30–day period begins to run from the date the hearing officer's decision is issued, rather than the date such decision is received.[5]

Here, the hearing officer's decision was issued August 29, 1990, and received by plaintiff's counsel September 4, 1990. The instant action was commenced October 4, 1990, 30 days after receipt of the decision, but 34 days after its issuance, thus giving rise to defendant's claim of untimeliness.

■ Plaintiffs initially argue that defendant's failure to plead the statute of limitations as an affirmative defense in its answer constitutes waiver of that defense. Rule 8(c), Fed.R.Civ.P.

Failure to plead an affirmative defense generally results in waiver of that defense. *FDIC v. Ramirez Rivera*, 869 F.2d 624 (1st Cir.1989); 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1278 (1990). There are, however, exceptions to this rule. For example, absent prejudice to the plaintiff, a defendant may raise an affirmative defense for the first time in a motion for summary judgment. *Steinberg v. Columbia Pictures Indus.*, 663 F.Supp. 706, 715 (S.D.N.Y.1987), 6 *Moore's Federal Practice* ¶ 56.02[2] (1991). Also, the court may address an affirmative defense raised by a motion to dismiss without resorting to summary judgment procedures, where the defense appears on the face of the complaint. 2A *Moore's Federal Practice* ¶ 8.28 (1991); *cf., DiMella v. Gray Lines of Boston, Inc.*, 836 F.2d 718 (1st Cir.1988) (affirmative defense could not be raised by motion to dismiss unless complaint supplied factual basis).

---

1. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985).

2. 20 U.S.C. § 1415(e)(2) provides, in relevant part, that

   (2) Any party aggrieved by the findings and decision made under ... this section ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

3. New Hampshire Revised Statutes Annotated (RSA) 541:6 states:

   **541:6 Appeal.** Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing, the applicant may appeal by petition to the supreme court.

4. *Quentin W.* implicitly recognized the issue date as commencing the running of the limitations period. *See, e.g., id.* at 548 (considering whether the action "instituted ninety-four days after the hearing officer *issued her decision* is time barred" (emphasis added)).

5. Upon reconsideration, the ruling in *I.D., et al.* was affirmed. *I.D., et al. v. Westmoreland School Dist.*, No. 91–155–S, slip op. (D.N.H. Jan. 9, 1992).

In this action, the complaint itself gives the basis for the defendant's motion. Moreover, as plaintiffs have been given notice of the defense and have had ample time to respond, no prejudice has resulted.[6] Accordingly, the court accepts defendant's motion to dismiss, and turns to the other arguments raised by plaintiffs' objection thereto.

Plaintiffs apparently do not dispute the propriety of the 30–day statute of limitations.[7] Instead, plaintiff's objection proceeds along separate, but related, fronts. First, plaintiff argues that the statute of limitations in the instant action began running when the hearing officer's decision was *received*, rather than when it was issued; in other words, *I.D., supra,* was wrongly decided. Next, plaintiff argues that even if this court follows the reasoning of *Quentin W., supra,* and *I.D., supra,* those rulings, rendered after the filing of the instant action, should not be applied retroactively. Finally, plaintiff urges the court to apply the doctrine of equitable tolling to this action and allow it to proceed. For the reasons that follow, the court finds that the thirty-day period begins to run from the date of decision and that such rule applies retroactively. The court declines to apply equitable tolling to this action, and therefore rules that Count I must be dismissed as untimely.

*A. Accrual*

When a claim arises under federal law, it is generally federal law that determines when the claim accrues. *See, e.g., Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404 (1st Cir.1990) (civil rights action); *Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d 123 (1st Cir. 1987) (securities actions); *Santana v. United States,* 693 F.Supp. 1309 (D.P.R.1988) (Federal Tort Claims Act actions).

Where a statute does not indicate when a cause of action accrues, the court must "keep[ ] in mind the purpose of the [Act] and the practical ends to be served by a period of limitations." *Albert v. Maine*

*Cent. R.R.,* 905 F.2d 541, 543 (1st Cir.1990) (citing *Reading Co. v. Koons,* 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926)).

One of the primary purposes of the IDEA is to ensure "speedy resolutions [of] IEP and placement disputes that characterize § 1415(e)(2) actions [which] are necessary for such resolutions to serve any substantively useful purpose." *Quentin W., supra,* 750 F.Supp. at 550.

Adoption of a "receipt rule" will inevitably lead to a subclass of IDEA litigation over the question of when a party received—or should have received—a hearing officer's decision through the mail. Such preliminary skirmishing would only further delay timely relief. *See, e.g., I.D., supra,* Order of Jan. 9, 1992, n. 1 (collecting cases litigating receipt-of-decision disputes involving other federal statutes). The potential for this type of delay countenances against using the date of receipt as an accrual date under section 1415(e)(2).

Only one reported case addresses accrual in the context of judicial review under section 1415(e)(2). In *Gerasimou by Gerasimou v. Ambach,* 636 F.Supp. 1504 (E.D.N.Y.1986), the court, relying on the proposition that "[g]enerally, a cause of action accrues when a plaintiff 'knows or has reason to know' of the injury or event that is the basis of his claim," *id.* at 1509 (citations omitted), concluded that a plaintiff's right to judicial review accrues when he receives notice of a final administration decision. *Id.* For the following reasons, this court, as did Judge Stahl in *I.D., supra,* declines to follow the conclusion reached in *Gerasimou.*

Initially, the court notes that *Gerasimou* placed substantial reliance on a New York law which provided for the addition of five days to any limitations period when a decision is served by mail, with service deemed complete at the time of *mailing. Id.* at 1510. No such parallel support exists in New Hampshire. To the contrary, RSA 541:6, the statute of limitations upon which

---

6. The court also finds that at this early stage of the case—no trial date has been set or discovery conducted—it is appropriate to resolve a purely legal issue that may prove dispositive.

7. To the extent that plaintiff disputes the 30–day period, however, this court expresses complete agreement with the 30-day rule as found in *Quentin W., supra,* and cases cited therein.

this court relies, explicitly states that administrative appeals be filed "within thirty days after the decision...."

Next, *Gerasimou* relied on a trio of employment discrimination cases for its accrual conclusion, cases which this court finds distinguishable. *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Pauk v. Board of Trustees of the City Univ. of New York,* 654 F.2d 856 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982).

In each of those cases, the choice before the court was whether the injury complained of—discrimination in tenure decisions—occurred at the time the tenure decision was made or at the later date when actual termination became effective.

In *Ricks,* the court stated "that the limitations period commenced to run when the tenure decision was made and Ricks was notified" (June 26, 1974). *Id.* at 259, 101 S.Ct. at 504. Plaintiff seizes on this language to support its present argument. However, the notification in *Ricks* was by letter *dated* June 26, 1974. *Id.* at note 2. As there is no indication that this letter was not mailed, it appears that the Court in fact used the date penned to the decision, June 26, 1974, as the accrual date.

Furthermore, in examining the trio of cases cited in *Gerasimou,* what stands out is that the choice before the courts in *Ricks, Chardon,* and *Pauk* was one between the date of decision and the date of termination, and *not* one between the date of decision and the date the decision was received. In other words, the issue presently before this court was not before the courts in those cases. Therefore, to the extent that *Gerasimou* relies upon *Ricks, Chardon,* and *Pauk* for its holding that the

receipt date of decisions is the appropriate accrual date, this court finds it unpersuasive.

Unlike those civil rights cases, the question here before the court is not when plaintiff's injury, the denial of a free appropriate education, occurred. Such a situation would involve the statute of limitations relative to initiating the state administrative process. Here, however, the question is when the limitations period began to run on plaintiffs' challenge to the hearing officer's determination that G.D. suffered no injury. Therefore, rather than having an entirely new cause of action, plaintiffs who appeal pursuant to section 1415(e)(2) are situated similarly to appellants in federal district, tax, or bankruptcy courts, or administrative agencies, such that the rules of accrual in those situations should apply here. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, for example, an aggrieved litigant must file a notice of appeal "within thirty days after the date of *entry* of the judgment...." (Emphasis added.) *See also* Rules 5, 6, and 13, Fed. R.App.P.; *cf., Carey v. Maine School Admin. Dist. No. 17,* 754 F.Supp. 906, 921 (D.Me.1990) ("This Court, and other district courts, are merely the culmination of the state administrative appeals process....").

█ Accordingly, the court finds that the statute of limitations in the instant action began to run on August 29, 1990, the date of the hearing officer's decision.[8]

### B. Retroactivity

█ Ordinarily, courts apply the law in effect at the time of decision " 'unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary.' " *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556,

---

8. The court has considered plaintiff's supplemental authority, in which the United States Department of Education opined that a New Hampshire legislative proposal for a sixty-day statute of limitations "presents a conflict with Federal law because it would, by State statute, specifically attempt to limit the power of Federal courts to hear appeals of due process decisions when Federal law imposes no such limitation."

The court fails to see how this opinion supports plaintiffs' argument. While it may be true that a state cannot place a limitation on a federal right of action, a federal court has a duty to "borrow" the appropriate statute. *Wilson v. Garcia, supra.* The court assumes that plaintiffs' argument is not that there can be no statute of limitations in the absence of Congressional mandate.

563 (1st Cir.), *cert. denied sub nom., Jimenez–Nettleship v. Cortes–Quinones,* 488 U.S. 823, 109 S.Ct. 68, 102 L.Ed.2d 45 (1988) (quoting *Bradley v. Richmond School Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)); *Simpson v. Director, Office of Workers Comp. Program,* 681 F.2d 81, 84 (1st Cir. 1982), *cert. denied sub nom., Bath Iron Works v. Director, Office of Workers Comp. Program,* 459 U.S. 1127, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983) (retroactive application of federal court decisions is the "rule, not the exception").

Recently, the Supreme Court addressed the issue of retroactivity. In *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the Court held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* 111 S.Ct. at 2448.

■ As noted previously, in *Quentin W.* the court held that the most analogous state statute of limitations for actions under section 1415(e)(2) is the thirty-day period in RSA 541:6d. *Id.* at 550. Also, in establishing the point from which the limitation period began, the Court used the date "the hearing officer issued her decision." *Id.* at 548, 551. In this manner, the Court in *Quentin W.* applied the rules of limitations and accrual to the litigants in that case.[9] *See also I.D., supra.* And, as the Supreme Court stated:

> Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application. The applicability of rules of law are not to be switched on and off according to individual hardship; allowing relitigation of choice-of-law issues would only compound the challenge to the stabilizing purpose of precedent

posed in the first instance by the very development of 'new' rules.

*Beam, supra,* — U.S. at — – —, 111 S.Ct. at 2447–48.

Other courts have relied on *Beam* to retroactively apply both statutes of limitations and substantive law. In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court adopted a new statute of limitations in certain securities actions and applied it retroactively to the parties in the litigation. *Id.* 111 S.Ct. at 2782–83. Cases subsequent to *Lampf* read *Beam* as foreclosing any reconsideration of whether the new statute of limitations should be applied retroactively.[10] *See Welch v. Cadre Capital,* 946 F.2d 185, 187–88 (2d Cir.1991); *Cohen v. Prudential Bache Securities, Inc.,* 777 F.Supp. 276, 280 (S.D.N.Y.1991); *Hastie v. American Agri–Corp.,* 774 F.Supp. 1251, 1252 (C.D.Cal.1991) (and cases collected therein). *See also Bethel v. American Int'l Mfg. Corp.,* 768 F.Supp. 327 (W.D.Okla.1991) (retroactively applying case creating loss of parental consortium action where case announcing law did so).

The following passage from *Cohen, supra,* 777 F.Supp. at 280, is instructive:

> This Court recognizes that the instant action was filed in April 1990, and that applying a decision rendered by the Supreme Court in June 1991 as the basis for a holding that this action is time barred may seem inequitable. In fact, the analogous result in *Lampf* led Justice O'Connor to comment that:
>
> > In holding that respondent's suit is time-barred under a limitations period that did not exist before today, the Court ... inflicts an injustice on the respondents.... Quite simply, the court shuts the courthouse door on re-

---

**9.** The court has also taken note of the fact that the case upon which *Quentin W.* principally relied also used the date of decision in considering an action filed "almost three years after the hearing decision was *issued.*" *Spiegler v. District of Columbia,* 866 F.2d 461, 463 (D.C.Cir. 1989) (emphasis added).

**10.** The court is aware that Congress has overruled the retroactive application of *Lampf. See* Federal Deposit Insurance Improvement Act of 1991, Pub.L. No. 102–242, 105 Stat. 2236 (to be codified at 15 U.S.C. § 78aa–1). Absent a similar Congressional mandate with respect to the IDEA, however, the application of *Beam* is here unaffected.

spondents because they were unable to predict the future.

*Lampf,* 111 S.Ct. at 2785–86 (O'Connor, J., dissenting).

(Footnote omitted.)

▆ Although the instant complaint was filed prior to the decisions in *Quentin W.* and *I.D.,* the court is compelled to follow the teaching of *Beam,* which rejected the idea of "modified prospectivity"; that is, to apply a new rule in the case in which it is announced, but not in cases decided later, but whose facts predate the announcement. Accordingly, the court finds that the statute of limitations, as enunciated in part A, *supra,* applies to this case.

### C. Equitable Tolling

▆ Plaintiff's final attempt at saving their IDEA claim rests on the doctrine of equitable tolling. *Quentin W., supra,* 750 F.Supp. at 551, recognized that circumstances may demand an equitable tolling of the thirty-day limitations period. *See also I.D., supra,* Order of Aug. 1, 1991, at 3 (persuasive circumstances include parents attempting to "untangle the confusion" of IDEA provisions without assistance of counsel); *Spiegler, supra,* 866 F.2d at 468–69 (and cases therein cited) (equitable tolling appropriate where hearing officer's decision lacked notice of thirty-day limitations).

Here, plaintiffs argue that the presumption in favor of retroactivity should not be applied because they were not on notice of either the thirty-day limitation period or the fact that it began running on the date of the hearing officer's decision. That decision, however, explicitly states that "either party may appeal this decision to Court within 30 days." Therefore, plaintiffs cannot argue that they were not aware of the limitation period, especially where, as here, they are represented by able counsel.

With respect to the accrual date, the court notes that the printed line immediately following the thirty-day notice, which was, in fact, the final line above the hearing officer's signature, consisted only of the date of the decision. A more than reasonable interpretation of this juxtaposition is that the thirty-day period is counted from the date immediately following. The court finds that tolling is not appropriate where plaintiff's counsel filed the action on the final possible day—under his interpretation of the notice contained in the decision.

### Conclusion

For the foregoing reasons, the court finds and rules that the appropriate statute of limitations for appealing hearing officers' decisions in IDEA cases is thirty days, and that said thirty-day period beings to run from the date of the hearing officer's decision. This rule applies retroactively to the case here at issue. This is not a case where equitable tolling is appropriate. Accordingly, defendant's motion to dismiss Count I (document no. 11) is granted.[11]

SO ORDERED.

---

11. Plaintiff's Motion for Further Pretrial Conference (document no. 16) has been rendered moot by the granting of defendant's objection to consolidation in civil No. 91–332–L.