**VALERIE J. and Michael J.**

v.

**DERRY COOPERATIVE SCHOOL DISTRICT, et al.**

**Civ. No. 88–412–M.**

United States District Court,
D. New Hampshire.

June 29, 1993.

Robert E. Murphy, Jr., Manchester, NH, Arpiar G. Saunders, Jr., Ronald K. Lospennato, Concord, NH, for plaintiffs.

Matthias J. Reynolds, Manchester, NH, Gordon B. Graham, Salem, NH, for defendants.

### ORDER

McAULIFFE, District Judge.

This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., 42 U.S.C. § 1983, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The detailed facts giving rise to this proceeding and the express provisions and policy goals of the IDEA are set out

fully in the Findings of Fact and Rulings of Law issued by the Court (Loughlin, J.) on August 1, 1991. Accordingly, the Court will restate them only briefly.

Casey J. is an educationally handicapped student whose parents, Valerie and Michael J., reside within the Derry (New Hampshire) School District. Casey was identified as educationally handicapped in April, 1987, but the parties could not agree upon an educational code or placement, other than a temporary placement in the Fall of 1987 at Project ME (an acronym for Management and Environment), within the Derry Cooperative School District.

On October 19, 1987, a meeting was held with Casey's parents to determine coding and placement for Casey prior to the expiration of Casey's placement in Project ME. The individualized educational program ("IEP") proposed to Casey's parents included a stipulation that Casey take the prescription medication Ritalin, as well as other behavior modification tools, including use of removals from placements, suspensions up to a maximum of 20 days, and easement days (on which a parent must pick a child up after school). Casey's parents did not approve of this IEP. Subsequently, Superintendent David Brown met with Casey's parents and informed them he had no choice but to suspend Casey, pending the due process hearing scheduled before Hearings Officer Eric Falkenham. On April 12, 1988, Casey was suspended from school for twenty days.

The due process hearing occurred on April 26 and 28, 1988. Hearings Officer Falkenham issued a partial report on May 6, 1988, directing Casey's return to school. He issued his full report on May 25, 1988. That report is the subject of this appeal. Hearings Officer Falkenham ruled that Casey's suspension from school violated the provisions of IDEA. The School District did not appeal that finding. Falkenham concluded,

however, that the IEP, including the provision that Casey be medicated, was appropriate. On October 5, 1988, plaintiffs filed a complaint against the Derry Cooperative School District, individual members of the Derry School Board, the State Board of Education, and the Superintendent of Schools and Director of Pupil Services, pursuant to 20 U.S.C. § 1415(e).

By Order dated January 17, 1989, this Court (Loughlin, J.) denied defendants' motion to dismiss plaintiff's suit as time barred. The Court held:

> Because the [Education of the Handicapped Act, presently, the IDEA] provides no specific statute of limitations, the defendants urge this court to adopt the 30 day limitation in which to commence an action after an adverse decision from an administrative agency, pursuant to RSA 541:6 or RSA 281:7 .... In this case, the decision of the hearings officer was issued on May 25, 1988. The complaint in this action was filed on October 5, 1988. The court does not view this 160 day period as an unreasonable delay in instituting the action, particularly in light of the fact that plaintiffs' § 1983 claims are subject to a three year statute of limitations.

Order of the Court, January 17, 1989, at 10 (citations omitted) [1].

## I. Statute of Limitations for Appeals under § 615 of IDEA.

Defendants have filed a Motion for Reconsideration of Statute of Limitations Defense. In support of this motion, defendants rely upon several cases decided by this Court and, more recently, the opinion of the First Circuit Court of Appeals in *Amann v. Stow*, 991 F.2d 929 (1st Cir.1993). Each of these cases was decided after the January 17, 1989, Order denying defendants' motion to dismiss.

In *Bow School District v. Quentin W.*, 750 F.Supp. 546 (D.N.H.1990) (Stahl, J.), *G.D. v.*

---

1. It is unclear how the parties and the Court determined that the period of time which elapsed between the May 25, 1988, report and the date on which plaintiffs initiated this appeal (October 5, 1988) totalled 160 days. Nevertheless, the precise number of days which elapsed between the issuance (or even the receipt) of the report and the initiation of this appeal is not critical

because it is clear that it is greater than both the 30 days provided by N.H.Rev.Stat.Ann. ch. 541:6 and the 120 days provided by N.H.Rev.Stat.Ann. ch. 186–C:16–b(IV) (effective June 30, 1992), and in fact it is longer than the period provided by all prior reported and unreported decisions of this Court.

*Westmoreland School District,* 783 F.Supp. 1532 (D.N.H.1992) (Devine, J.), and *I.D. v. Westmoreland School District,* 788 F.Supp. 634 (D.N.H.1992) (Stahl, J.), this Court held that an appeal from a hearings officer's decision under IDEA must be filed within 30 days of that decision. In each case, the Court acknowledged the absence of any controlling state or federal statute of limitations. In each case, the Court followed the directive of the Supreme Court to "borrow" a statute of limitations from an analogous state cause of action, provided that the borrowed limitations period. is consistent with underlying federal policies. *See Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). In each case, the Court specifically held the 30 day statute of limitations provided by N.H.Rev.Stat.Ann. ch. 541:6 (relating to appeals of state administrative agency decisions) to be the appropriate analogous statute of limitations to apply to appeals of hearings officers' determinations under IDEA. *Bow School District v. Quentin W.,* 750 F.Supp. at 550; *G.D. v. Westmoreland School District,* 783 F.Supp. at 1535, n. 7; *I.D. v. Westmoreland School District,* 788 F.Supp. at 638.

More recently, the Court of Appeals for the First Circuit agreed, holding that the District Court for the District of Massachusetts properly applied the 30 day limitations period prescribed by the Massachusetts Administrative Procedure Act, M.G.L. c. 30A, § 14, to an appeal of a hearings officer's decision under IDEA. *Amann v. Stow,* 991 F.2d 929 (1st Cir.1993). In *Amann,* the Court of Appeals noted:

> The IDEA, like many other federal statutes, does not set a time limit for lawsuits brought under its terms. "In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source. We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law."

*Amann,* 991 F.2d at 931 (quoting *DelCostello v. International Brotherhood of Teamsters,*

462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983)).

The Court of Appeals went on to discuss at length the diverse authority on this point, concluding:

> [T]he district court correctly borrowed Massachusetts' thirty-day limitation period for actions under its Administrative Procedure Act. . . . The short limitations period of the Massachusetts APA is fully consistent with one goal of the IDEA: the quick disposition of disputes about a handicapped child's educational placements. . . . The potential harsh effects of a short limitations period, moreover, are mitigated in this context by three factors which, taken together, so narrow any "inconsistency" with the goal of parental involvement as to permit application of the most analogous state law. . . .
>
> First, the IDEA instructs school authorities to give parents notice "of all procedures available pursuant to this section." . . . Second, the parents' only obligation during the thirty-day period is to decide whether to sue under Section 1415(e)(2), a decision they need make only after the issues have been defined, the dispute has been heard, and a record has been created in the administrative forum. . . . Finally, the IDEA requires that IEPs be reviewed and revised at least annually and, as the [plaintiffs'] own experience shows, allows parents to begin litigating afresh over the merits of each new IEP. Parents who, despite notice of the limitations period, "sleep on their rights," therefore, will lose no more than the educational placement for a single school year, and will not have to wait long for a new opportunity to participate in the development, implementation—and if needed, administrative and judicial review—of their child's educational plan.

*Amann,* 991 F.2d at 931–33 (citations omitted).

■ In the present case, N.H.Rev.Stat. Ann. ch. 541:6 provides the most suitable and

appropriate statute of limitations: 30 days.[2] *Bow School District v. Quentin W.,* 750 F.Supp. 546 (D.N.H.1990); *G.D. v. Westmoreland School District,* 783 F.Supp. 1532 (D.N.H.1992); *I.D. v. Westmoreland School District,* 788 F.Supp. 634 (D.N.H.1992). Subsequent to plaintiffs' initiation of this action, the New Hampshire Legislature enacted N.H.Rev.Stat.Ann. ch. 186–C:16–b(IV) (effective June 30, 1992), which provides:

> An appeal from a final administrative decision in a special education due process hearing to a court of competent jurisdiction pursuant to 20 U.S.C. § 1415(e) shall be commenced within 120 days from receipt of the final decision.

However, because plaintiffs do not, and could not, allege compliance with the provisions of this statute, the Court need not determine whether it should be applied retroactively to this case. Indeed, plaintiffs candidly and correctly acknowledge that this statute "has no application to this suit...." Plaintiffs' Objection to Motion for Reconsideration, at 1.

## II. Equitable Tolling and Retroactivity of Limitations Period.

■ Finally, the Court ought to address the issues of equitable tolling of the applicable statute of limitations and the appropriateness of applying the 30 day limitations period to this action. As noted above, plaintiffs initiated this action on October 5, 1988, or before this Court's decisions adopting the 30-day limitations period. In considering the issue of retroactive application of statutes of limitation, the Court of Appeals for the First Circuit has noted:

> [T]he Court has applied new limitations rules retroactively where to do so would not "overturn[ ] the reasonable expectations of a party." Thus, in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662–63 (1987), the Court affirmed the retroactive

application of a new limitations period where there had previously been "no authoritative specification of which statute of limitations applied" to plaintiffs' claim, "and hence no clear precedent on which [plaintiffs] could have relied when they filed their complaint."

Here, as in *Goodman,* there was "no clear precedent" favoring a longer limitations period on which the appellants can claim to have relied while deciding whether to file suit under the IDEA.... This Court had not then decided the limitations issue, the circuits that had done so were split, and the only existing decisional law among the district courts in this circuit pointed to a thirty-day limitations period.

*Amann v. Stow,* 991 F.2d 929, 934–35 (1st Cir.1993).

The decisions on point in the District of New Hampshire, upon which plaintiffs arguably could have relied, do not support the assertion that an IDEA appeal initiated approximately 160 days after the decision of a hearings officer is timely. *See, e.g., Edward B. v. Brunelle,* 662 F.Supp. 1025 (D.N.H. 1986) (holding that a delay of 64 days between the issuance of the hearings officer's report and the initiation of an appeal was not unreasonable) *questioned in Bow School District v. Quentin W,* 750 F.Supp. 546 (D.N.H. 1990); *Mark E. v. Northland School District,* No. 86–7–L, slip op. (D.N.H. November 24, 1986) (holding that delay of 106 days was not unreasonable); *Morse v. Brunelle,* No. 85–680–L, slip op. (D.N.H. April 2, 1986) (holding that delay of 33 days was not unreasonable). Plaintiffs have cited, and the Court has uncovered, no prior opinion in this district upon which plaintiffs could have reasonably relied in believing that an appeal under IDEA, initiated approximately 160 days after the issuance of the hearings officer's report, would not be barred as untimely.[3]

---

2. N.H.Rev.Stat.Ann. ch. 541:6 provides:
   Appeal. Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing, the applicant may appeal by petition to the supreme court.

3. Plaintiffs have cited *Adam F. v. Nelson School District,* No. 89–082–L, slip op. (D.N.H. June 14,

1989), in which this Court (Loughlin, J.) permitted plaintiffs to proceed under Section 1415(e) despite a delay of 193 days in initiating an appeal in this Court. The opinion in *Adam F.* was, however, rendered *after* plaintiffs initiated this action. Accordingly, plaintiffs do not argue that they relied upon that decision when they initiated this appeal.

438

Because the law of this circuit is clear that the borrowed 30–day period of limitations applies to appeals under IDEA filed before enactment of N.H.Rev.Stat.Ann. ch. 186–C:16–b(IV), and because no basis for equitable tolling exists, the Court will of course apply that period of limitation to this proceeding. As this Court (Devine, J.) previously clarified:

> Ordinarily, courts apply the law in effect at the time of decision "unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." Recently, the Supreme Court addressed the issue of retroactivity. In *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the Court held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or *res judicata*." *Id.* [— U.S. at —] 111 S.Ct. at 2448. As noted previously, in *Bow School District v. Quentin W.* the court held that the most analogous state statute of limitations for actions under section 1415(e) is the thirty-day period in RSA 541:6 ... And, as the Supreme Court stated:

> Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application. The applicability of rules of law are not to be switched on and off according to individual hardship; allowing relitigation of choice-of-law issues would only compound the challenge to the stabilizing purpose of precedent posed in the first instance by the very development of "new" rules. *Beam, supra,* — U.S. at —, 111 S.Ct. at 2447–48.

*G.D. v. Westmoreland School District*, 783 F.Supp. at 1536–37 (some citations omitted). The *Westmoreland* court then concluded:

> Although the instant complaint was filed prior to the decisions in *Quentin W.* and *I.D.*, the court is compelled to follow the teaching of *Beam*, which rejected the idea of "modified prospectivity"; that is, to apply a new rule in the case in which it is announced, but not in cases decided later,

but whose facts predate the announcement. Accordingly, the court finds that the [30–day] statute of limitations.... applies to ·this case.

*Id.*, at 1538.

Because plaintiffs' appeal of the decision of Hearings Officer Falkenham was not filed within the prescribed 30–day period, and no basis exists upon which to equitably toll the period, it must be dismissed as time barred. Defendants'. Motion for Reconsideration of Statute of Limitations Defense (document no. 184) is granted.

On or before July 16, 1993, plaintiffs shall show cause by memorandum why their claims under 42 U.S.C. § 1983, which appear to depend exclusively upon matters resolved adversely to plaintiffs by Hearings Officer Falkenham, ought not be dismissed as barred by the doctrine of collateral estoppel and/or *res judicata.*

**SO ORDERED.**